**GLADSTONE et al. v. GALTON et al.**

**No. 10757.**

Circuit Court of Appeals, Ninth Circuit.

Nov. 30, 1944.

Bland, Deputy City Atty., all of Los Angeles, Cal., for appellee Mary Galton.

Donald M. Redwine, Asst. City Atty., and John L. Bland, Deputy City Atty., both of Los Angeles, Cal., for appellee Ray L. Chesebro.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal by appellants, trustees for Psychic Spiritual Science Church, from a judgment dismissing a complaint seeking damages against appellee Galton, a police woman, for two arrests by her of Gladstone for alleged violations of the Los Angeles fortune telling ordinance and against appellee Chesebro for having drafted the ordinance, which ordinance the complaint asserts contravenes the equal protection clause of the XIV Amendment and the impairment of obligation provisions of Article I, Section 10 of the Federal Constitution. The complaint also sought restraining orders and an injunction against future arrests and the return of certain books and papers taken by police woman Galton from the church premises.

Having claimed the unconstitutionality of the ordinance, appellants' complaint alleges that police woman Galton "has through prejudice of her personal religious beliefs used her official position as a woman police officer to especially persecute the aforesaid Wm. L. Gladstone as Pastor and Trustee for the aforesaid Church of complainants hereof." It is also alleged that she "has persecuted the said Wm. L. Gladstone under the provisions of the aforesaid unconstitutional sections of the aforesaid Municipal Code in a vindictive and prejudiced manner by making numerous arrests as aforesaid contrary to the provisions of the Constitution of the United States of America."

▇▇▇ The district court assumed jurisdiction of the case and on motion to dismiss the complaint held the ordinance a "valid and proper exercise of the police power" and ordered the dismissal. In this we agree. Though there is no diversity of citizenship, this court has jurisdiction of a cause of action based upon an attempted enforcement by an officer of the municipality of a state of an ordinance claimed to be void because in violation of the equal protection clause of the XIV Amendment. 28

C. A. Stice, of Los Angeles, Cal., for appellants.

Ray L. Chesebro, City Atty., Donald M. Redwine, Asst. City Atty., and John L.

U.S.C.A. § 41; Ex parte Young, 209 U.S. 123, 145, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann.Cas. 764; Hopkins v. Clemson Agricultural College, 221 U.S. 636, 644, 648, 31 S.Ct. 654, 55 L.Ed. 890, 35 L.R.A.,N.S., 243.

So far as concerns the injunctive features we well could exercise our discretion to refuse such equitable relief, though within our jurisdiction, under Fenner v. Boykin, 271 U.S. 240, 244, 46 S.Ct. 492, 493, 70 L.Ed. 927, where it is stated that "An intolerable condition would arise, if, whenever *about to be charged* with violating a state law, one were permitted freely to contest its validity by an original proceeding in some federal court. Hygrade Provision Co. v. Sherman, 266 U.S. 497, 500, 45 S.Ct. 141, 69 L.Ed. 402." (Emphasis supplied.)

■ However, no such ground exists for refusing to adjudicate the common law issue of damages for a past false arrest because of religious prejudice, in violation of the XIV Amendment. It is not such a case as Utah Power & Light Co. v. Pfost, 286 U.S. 165, 186, 52 S.Ct. 548, 554, 76 L.Ed. 1038, where it is said that "a litigant can be heard to question a statute's validity only when and so far as it is being or is about to be applied to his disadvantage," or like Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 324, 56 S.Ct. 466, 472, 80 L.Ed. 688, where it is said "The judicial power does not extend to the determination of abstract questions." Here the arrests of Gladstone, if of the claimed invalidity, resulted from the law being "applied to his disadvantage."

■ It is contended that it is unnecessary to determine the constitutionality of the ordinance because the officers of a state are not personally liable for enforcing state laws, though unconstitutional, if acting within their provisions, citing Bohri v. Barnett, 7 Cir., 144 F. 389. In that case, however, the immunity is based on "acting in good faith" (144 F. page 392) and that the officer was not "influenced by malice." Here is alleged the police woman's persecution of a clergyman because of religious beliefs. Such a case comes peculiarly within the injunction of Chief Justice Marshall in Cohens v. Virginia, 6 Wheat. 264, 404, 5 L.Ed. 256.

"It is most true, that this court will not take jurisdiction if it should not: *but it is equally true that it must take jurisdiction,*

*if it should.* * * *" (Emphasis supplied.)

The ordinance approved October 3, 1932, and now appearing as section 43.30 and 43.31 of Chapter 4, Article 3, of the Municipal Code of the City of Los Angeles, State of California, reads:

"Sec. 43.30—Fortune Telling. No person shall advertise by sign, circular, handbill or in any newspaper, periodical or magazine, or other publication or publications, or by any other means, to tell fortunes, to find or restore lost or stolen property, to locate oil wells, gold or silver or other ore or metal or natural product, to restore lost love or friendship or affection, to unite or procure lovers, husbands, wives, lost relatives or friends, for or without pay, by means of occult or psychic powers, faculties or forces, clairvoyance, psychology, psychometry, spirits, mediumship, seership, prophecy, astrology, palmistry, necromacy, or other craft, science, cards, talisman, charms, potions, magnetism or magnetized articles or substances, oriental mysteries or magic of any kind or nature, or numerology, or to engage in or carry on any business the advertisement of which is prohibited by this section."

"Sec. 43.31—Fortune Telling—Exemptions. The provisions of the preceding section shall not be construed to include prohibit or interfere with the exercise of any religious or spiritual functions of any priest, minister, rector or an accredited representative of any bonafide church or religion where such priest, minister, rector or accredited representative holds a certificate of credit commission or ordination under the ecclesiastical laws of a religious corporation incorporated under the laws of any state or territory of the United States of America or any voluntary religious association, and who fully conforms to the rites and practices prescribed by the supreme conference, convocation, convention, assembly, association or synod of the system, or faith with which they are affiliated. Provided, however, that any church or religious organization which is organized for the primary purpose of conferring certificate of commission, credit or ordination for a price and not primarily for the purpose of teaching and practicing a religious doctrine or belief, shall not be deemed to be a bonafide church or religious organization."

The complaint alleged that Gladstone was arrested by police woman Galton for

violating the ordinance and that "through inadventure and inadvertent advice of counsel" Gladstone pleaded guilty to the charge and was fined $100; that she again arrested Gladstone on the same charge and that he was released on bail. Apparently the case was pending in the Los Angeles County court when the complaint was filed in the instant action.

The complaint does not state what act prohibited by the ordinance Gladstone was charged with committing. It does not claim that Gladstone, a pastor of a church, is not within the exception of section 43.31 of the ordinance. There is no suggestion that he is not innocent of the charge against him, whatever it may be, and hence may be acquitted when the case comes to trial. The claim is that because the ordinance is unconstitutional his arrest and the proceedings against him are without any warrant whatsoever.

It is not claimed that section 43.30 against fortune telling is unconstitutional, but that the exemptions of section 43.31 grant a monopoly of fortune telling, etc. to the religious organizations there described, and hence, since it discriminates against other fortune tellers or the like, it violates the due process provisions of the Fourteenth Amendment. We do not agree with appellants' contention. Examination of sections 43.30 and 43.31 discloses that no discrimination can exist. Section 43.30 prohibits anyone from engaging in the business of fortune telling. Section 43.31 does not purport to permit persons to engage in the business of fortune telling, but it does provide that the provisions of section 43.30 shall not be deemed to prevent worship services of those who conduct such services of a church organization having as one of its tenets or articles of faith a belief in an ability to foretell the future, or to prophecy. When and if the ministers of such a church step aside from their pastoral duties and engage in the business of fortune telling, they render themselves subject to the prohibitory provisions of section 43.30.

The legislative authority, acting within its proper field, is not bound to extend its regulations to all cases which it might reach. It is free to confine its restrictions to those classes of cases where the need is greatest. A law which hits the evil where it is most felt will not be overthrown because there are other instances to which it might have been applied. West Coast Hotel Co. v. Parris, 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703, 108 A.L.R. 1330. The principle applies fortiori to such an exemption as in section 43.31.

Another ground of claimed unconstitutionality is that the fortune telling ordinance was passed after the organization of the church by its incorporation in 1934 and hence impairs the contract of incorporation in violation of Article 1, Section 10 of the Constitution. It appears that the ordinance was enacted in 1932, before the organization of the church corporation. In any event, all contracts are made in contemplation of such police regulations as that prohibiting fortune telling. Advance-Rumely Thresher Co. v. Jackson, 287 U.S. 283, 288, 53 S.Ct. 133, 77 L.Ed. 306, 87 A.L.R. 285; Edgar L. Levy Leasing Co. v. Stiegel, 258 U.S. 242, 245, 42 S.Ct. 289, 66 L.Ed. 595.

Concerning the allegation that police woman Galton took certain documents and books from the premises of the appellants' church, there is no allegation that they were taken without a search warrant. There is the usual presumption that she was acting within the functions of her public office. The alleged illegality of the taking seems to rest upon the claimed unconstitutionality of section 43.31 and is disposed of by what has been said above.

Concerning the allegation that officer Galton is persecuting Gladstone as pastor and trustee of his church "through prejudice of her religious beliefs," since it is not shown that the arrests were invalid, we may assume, against the pleader, that she had a religious prejudice against persons accused of the business of fortune telling in violation of the ordinance. We know of no offense in arresting a person accused of violating the law because the arrest is made con amore.

It is also alleged that the purpose of the arrests was to make useless certain copyrighted publications of the church. Since the arrests are not shown to be illegal, any effect they may have on the value of the copyright is not actionable.

The judgment is affirmed.

HEALY, Circuit Judge (concurring in the result).

I concur in the affirmance of the judgment of dismissal.

The complaint presented no substantial claim of deprivation of civil rights and no extraordinary circumstances justifying equitable intervention by a federal court. The constitutional question sought to be litigated here might with equal effectiveness and greater propriety be litigated in the pending proceeding in the state court, where the right exists of ultimate review in the Supreme Court of the United States.