FENNER ET AL. *v.* BOYKIN ET AL.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA.

No. 308.   Argued May 4, 1926.—Decided May 24, 1926.

Enforcement of a state penal statute, even of one contrary to the federal Constitution, may be interfered with by injunction orders of a federal court only in extraordinary circumstances where the danger of irreparable loss is both great and immediate. P. 243.

3 Fed. (2d) 674, affirmed.

APPEAL from a judgment of the District Court refusing a preliminary injunction in a suit by Fenner and others

to restrain Boykin and Lowry, state officers, from enforcing a criminal law against dealings in agreements for purchase or sale of cotton for future delivery.

*Messrs. Arthur G. Powell* and *Thomas W. Hardwick*, with whom *Messrs. John D. Little, Marion Smith,* and *Max F. Goldstein* were on the brief, for appellants.

The court had jurisdiction of the controversy. That a federal court of equity has the power to enjoin a criminal prosecution in the state court where business or property rights are involved and that such a suit is not a suit against a State is now well established. *Terrace* v. *Thompson,* 263 U. S. 197; *Truax* v. *Raich,* 239 U. S. 33; *Ex parte Young,* 209 U. S. 123; *Louisville & Nashville* v. *Railroad Commission,* 157 Fed. 944; *Georgia Railroad* v. *City of Atlanta,* 118 Ga. 486; *Atlanta* v. *Gate City Gas Light Co.,* 71 Ga. 106; *Dobbins* v. *Los Angeles,* 195 U. S. 223; *C. R. R.* v. *R. R. Comm. of Ala.,* 161 Fed. 925; *Philadelphia Co.* v. *Stimson,* 223 U. S. 605; *Tucker* v. *Williamson,* 229 Fed. 201; *Southern Express Co.* v. *Ensley,* 116 Fed. 760; *Amer. School of Healing* v. *McNulty,* 187 U. S. 94; *Cutsinger* v. *Atlanta,* 142 Ga. 555; *Savage* v. *Jones,* 225 U. S. 501; *Home Tel. Co.* v. *Los Angeles,* 227 U. S. 278.

If the statute is unconstitutional as a whole or in its directly prohibitory provisions, the same authorities sustain the proposition that there is a duty to grant the injunction.

When the appellants, as citizens of other States, came into the district court seeking relief by an injunction to prevent the destruction of their business by local defendants, who were seeking to destroy it under color of a statute which was either unconstitutional or did not prohibit their business; and it was clearly shown that failure to enjoin would result in at least temporarily dismantling (with great damage), if not permanently de-

9542°—26——16

stroying, that business, the judges should have granted the temporary injunction.

See *Ex parte Young,* 209 U. S. 123; *Louisville & Nashville* v. *R. R. Commission,* 157 Fed. 944; *Terrace* v. *Thompson,* 263 U. S. 197.

The jurisdiction of the federal court is not defeated or impaired by the institution by one of the parties of subsequent proceedings, whether civil or criminal, involving the same legal question in the state court. *Prout* v. *Starr,* 188 U. S. 537; *C. R. R.* v. *Railroad Commission,* 161 Fed. 972; *Ex parte Young,* 209 U. S. 123. The bill having been filed in the federal court before the indictments were found in the state court, the federal court has the superior right. *Farmers Loan & Trust Co.* v. *Lake St. Elev. R. Co.,* 177 U. S. 51; *Foster-Eddy* v. *Baker,* 192 Fed. 624; *United States ex rel. Butz* v. *Muscatine,* 8 Wall, 575.

*Mr. Hooper Alexander,* with whom *Mr. James W. Austin* was on the brief, for appellees.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

This appeal is without merit, and the interlocutory decree below must be affirmed.

By an Act approved August 20, 1906, the Legislature of Georgia declared unlawful certain agreements for the purchase or sale, for future delivery, of designated commodities, and made participation therein a misdemeanor. It also prohibited maintenance of an office where such agreements are offered, and specified what should constitute *prima facie* evidence of guilty connection therewith. Laws 1906, p. 95.

Appellees, Boykin and Lowry, are the Solicitor General and Sheriff of Fulton County, Georgia, charged respectively with the general duty of prosecuting and arresting offenders.

Subsequent to the passage of the Act of 1906, appellants, citizens of States other than Georgia, established in Fulton County a branch office, with the ordinary quotation board, where they solicited and received orders, accompanied by margins, to purchase or sell cotton for future delivery on the New York and New Orleans exchanges. They were threatened with arrest and prosecution for violating the Act of 1906. By a bill in the United States District Court for the Northern District of Georgia they challenged the validity of that statute, upon the ground that it interfered with the free flow of commerce between the States. They alleged that the threatened action would deprive them of rights guaranteed by the federal Constitution, and asked that appellees be enjoined from proceeding therewith.

The District Court, three judges sitting, having heard the matter, concluded that the statute condemned gambling transactions only, did not affect interstate commerce, and that the proposed proceedings against appellants would not deprive them of any right. The request for preliminary injunction was accordingly refused, and this appeal followed. 3 Fed. (2d) 674.

The trial court discovered no necessity for the relief asked. The record discloses no adequate reason for a different conclusion here. There was no abuse of discretion.

*Ex parte Young,* 209 U. S. 123, and following cases have established the doctrine that when absolutely necessary for protection of constitutional rights courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done except under extraordinary circumstances where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the State and

must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection. The Judicial Code provides ample opportunity for ultimate review here in respect of federal questions. An intolerable condition would arise if, whenever about to be charged with violating a state law, one were permitted freely to contest its validity by an original proceeding in some federal court. *Hygrade Provision Co.* v. *Sherman,* 266 U. S. 497, 500.

*Affirmed.*