**QUAKER BAKING CO. et al. v. HERRING, Governor of Iowa, et al.**

No. 4498.

District Court, S. D. Iowa, Central Division.

March 29, 1933.

Frederick W. Lehmann, Jr., of Des Moines, Iowa, Harold D. Le Mar, of Omaha, Neb., and John C. Grover, of Kansas City, Mo., for plaintiffs.

E. L. O'Connor, Atty. Gen., and Walter F. Maley and Le Roy A. Rader, Assts. Atty. Gen., for defendants.

Before KENYON, Circuit Judge, and SCOTT and DEWEY, District Judges.

DEWEY, District Judge.

The action seeks to have declared unconstitutional sections 3244-b1 to 3244-b6, chapter 161, Code of Iowa 1931, of the statutes of the state of Iowa, so far as they apply to maximum variations and tolerances in the weight of bread.

A temporary restraining order was issued on January 28, 1933, pending a hearing upon an application for a temporary injunction; and by the order the application for a temporary injunction was set for hearing on February 6, 1933, and a three-judge court was called and assembled on that day.

Special appearances of the defendants attacking the jurisdiction of the court as being a suit against the sovereign state of Iowa were severally overruled, and a motion of the defendants to dismiss the case was argued and submitted to said court with permission to file written briefs later.

Under this situation petitioners' application for a temporary injunction and defendants' motion to dismiss should both be determined.

The motion to dismiss is upon the following grounds: First, that the bill of complaint fails to state facts sufficient to constitute a proper cause of action; second, that the complaint fails to show facts sufficient to justify or warrant the court in granting the relief prayed for; third, the suit is against the sovereign state of Iowa; fourth, because no allegation is therein contained that petitioners have suffered or will suffer irreparable injury, loss, or damage; fifth, petitioners have had the advantages of the statutes for 5½ years and are estopped to attack its constitutionality; sixth, petitioners have an adequate remedy at law.

■ This court has jurisdiction and has so ruled when attacked by the special appearances of the defendants.

The bill of complaint, in paragraph 13 thereof, alleges that unless the enforcement of the law is enjoined the petitioners will sustain immeasurable damage and irreparable injury to their business and property.

No facts are presented that would warrant this court in finding that the petitioners have had any advantages under the statutes or that they should be estopped to attack its constitutionality.

■ While it is a general rule that a court of equity will not interfere to prevent the enforcement of criminal statutes, even though unconstitutional, an exception exists when the prevention of the threatened prosecution is essential to the safeguarding of rights of property and when the circumstances are exceptional and the danger of irreparable loss is both great and immediate. Cline v. Frink Dairy Co., 274 U. S. 445, 451, 47 S. Ct. 681, 71 L. Ed. 1146; Fenner v. Boykin, 271 U. S. 240, 46 S. Ct. 492, 70 L. Ed. 927; Terrace v. Thompson, 263 U. S. 197, 44 S. Ct. 15, 68 L. Ed. 255; Truax v. Raich, 239 U. S. 33, 36 S. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283; Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764.

The important question is whether the bill sets out facts sufficient to constitute a cause of action and to warrant the court in granting the relief prayed.

■ The facts stated in the bill of complaint must be considered as true in passing upon the motion to dismiss.

■ The question for determination is whether or not the statutes under consideration are so arbitrary and unreasonable as to interfere with private business or prohibit a lawful occupation or impose unreasonable and unnecessary restrictions upon them.

The facts stated in the bill appear to us to be stronger as being so arbitrary and unreasonable than the facts and law in the case of Burns Baking Co. v. Bryan, 264 U. S. 504, 44 S. Ct. 412, 415, 68 L. Ed. 813, 32 A. L. R. 661. In that case the Supreme Court of the United States held the statutes of Nebraska unconstitutional, concluding with the statement: "We conclude that the provision, that the average weights shall not exceed the maximums fixed, is not necessary for the protection of purchasers against imposition and fraud by short weights and is not calculated to effectuate that purpose, and that it subjects bakers and sellers of bread to restrictions which are essentially unreasonable and arbitrary, and is therefore repugnant to the Fourteenth Amendment."

Under this pronouncement of the Supreme Court of the United States, we are constrained to find that the facts set out in the complaint constitute a cause of action and entitle petitioners to the relief demanded.

### Findings of Fact.

In keeping with Equity Rule 70½ (28 USCA § 723), the court makes the following findings of fact and conclusions of law.

First. The facts are not in dispute. The facts stated in the bill of complaint are supported by affidavits filed on behalf of the petitioners and no counter affidavits are filed. For the purpose of the motion and determining the question of whether the temporary injunction should issue, we therefore consider as true the facts as stated in the bill of complaint.

### Conclusions of Law.

First. The suit is not against the sovereign state of Iowa, but against certain officers thereof, and this court has jurisdiction to hear and determine as against them the subject-matter of the suit.

Second. That the facts as alleged constitute a proper cause of action.

Third. The bill alleges sufficient facts to justify or warrant the court in granting the relief as prayed.

Fourth. The allegations of the bill contain averments that irreparable injury, loss, or damage will accrue unless the relief prayed for is granted.

Fifth. The petitioners are not estopped to attack the constitutionality of the statutes.

Sixth. The petitioners do not have a plain, adequate, and complete remedy at law.

### Order.

It is ordered that this memorandum opinion, findings of fact, conclusions of law, and this order be made of record by the clerk. Defendants' motion to dismiss is overruled.

Petitioners are entitled to a temporary injunction pending hearing on the merits and a temporary injunction pending a final hearing hereon is hereby ordered restraining the defendants and each of them, their agents and employees, from in any way enforcing the said provisions of sections 3244-b1 to 3244-b6, chapter 161, Code of Iowa 1931, of the statutes of the state of Iowa, pending further orders of this court. Bond is fixed at $5,000.

The defendants are given thirty days from the filing of this order to elect whether to stand upon this ruling or to further plead. To all of which the defendants severally except.