**UNITED STATES of America ex rel. Richard A. HUDSON, Petitioner,**

v.

**Hon. Harold J. WOLLENZIEN, County Judge, and Richard B. McConnell, District Attorney, Respondents.**

**No. 72–C–256.**

United States District Court,
E. D. Wisconsin.

June 5, 1972.

Jack V. Silbar, Menomonee Falls, Wis., for petitioner.

Leonard G. Adent, Asst. Dist. Atty. (Richard B. McConnell), Waukesha, Wis., for respondent.

No appearance for Judge Wollenzien.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The petitioner in this matter was arrested for operating a motor vehicle while under the influence of an intoxicant and for failure to stop at or return to the scene of an accident. A complaint was issued in the county court for Waukesha County charging the petitioner accordingly. At the time of his arrest, the petitioner refused to consent to a blood alcohol test. As a result, the actions pending against the petitioner include a proceeding by the state under § 343.305 of the Wisconsin statutes—the "implied consent" law—intended to suspend his driving privileges.

In accordance with § 343.305(7) (c), Wis.Stats., the petitioner requested a hearing on the issue of the reasonableness of his refusal to submit to the blood alcohol test. At his initial appearance on the two offenses, he requested a jury determination of the reasonableness of his refusal. Waukesha County Judge Wollenzien, one of the respondents in this action, denied the request on the ground that the statute makes no provision for the use of juries. Judge Wollenzien did, however, place the matter on his day-to-day calendar and offer to

hear additional argument from the petitioner if authority could be found for his position.

The petitioner then filed his petition in this court seeking: (1) a preliminary injunction prohibiting Judge Wollenzien and Waukesha County District Attorney McConnell, the other respondent, from taking any action concerning this matter; (2) a declaratory judgment recognizing a right to a jury trial on the issue of reasonableness under § 343.-305(7) (c) of the Wisconsin statutes; and (3) a permanent injunction prohibiting determination of the reasonableness issue in the absence of a jury. The respondent McConnell has moved to dismiss the petition.

■ It is my judgment that there is an absence of the factors necessary under equitable principles to justify federal intervention in this case. United States courts have power to enjoin state officers from prosecuting criminal or quasi-criminal actions when "absolutely necessary for protection of constitutional rights" *and* where "the danger of irreparable loss is both great and immediate." Fenner v. Boykin, 271 U.S. 240, 243, 46 S.Ct. 492, 493, 70 L.Ed. 927 (1926). Here there is no showing of a need for federal protection of constitutional rights. The county court has expressed a willingness to hear the constitutional question raised and reviews appear to be available at the circuit and supreme court levels within the state court system; however, petitioner has failed to support his position before the county court. Similarly, there is no showing of great and immediate danger of irreparable injury. The normal components of such a showing are bad faith, harassment or other unusual circumstances; none of these seems to be present here.

■ If there are pending state court proceedings and if constitutional contentions can be made in such proceedings, and also if there is no showing of existing or likely great and immediate irreparable injury, there is no basis for federal injunctive relief, even if the statute is possibly unconstitutional "on its face". Younger v. Harris, 401 U.S. 37, 54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). These principles govern the issuance of federal declaratory judgments in connection with such state proceedings, as well. Samuels v. Mackell, 401 U.S. 66, 69, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

Now, therefore, it is ordered that the respondent McConnell's motion to dismiss the petition be and hereby is granted. It is also ordered that petitioner's "Petition for Equitable Relief" be and hereby is dismissed.