CANAL THEATRES, INC., Appellant,

v.

Patrick MURPHY, Individually and as Police Commissioner of the City of New York and Bess Myerson, Individually and as Commissioner of the Department of Consumer Affairs, Appellees.

No. 464, Docket 72-2200.

United States Court of Appeals, Second Circuit.

Argued Dec. 1, 1972.

Decided Jan. 26, 1973.

Herbert Kassner, New York City (Kassner & Detsky, New York City, on the brief), for appellant.

Leonard Koerner, New York City (Norman Redlich, Corporation Counsel of City of New York, Stanley Buchsbaum, New York City, on the brief), for appellees.

Before FRIENDLY, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Canal Theatres, Inc., the lessee and operator of a New York City theatre, showing "adult sex movies," appeals from an order of the United States District Court for the Southern District of New York, Ryan, J., denying its motion for an injunction against the enforcement of certain provisions [1] of the Administrative Code of the City of New York requiring the licensing of motion picture theatres within the City. We affirm the order of the District Court.

In March of 1972, appellant Canal Theatres, Inc. applied for a renewal of its theatre license which was due to expire on June 30, 1972. Appellant made application to the New York City Department of Consumer Affairs (of which appellee Myerson is Commissioner) pursuant to Section B32–25.0 of the Administrative Code of the City of New York. The Department did not issue the requested renewal license claiming that the delay was caused by the appellant's failure to submit certain material which the Department had requested. The information desired by the Department related to the financial condition of the appellant which the Department claimed was necessary because of a change in the stockholders and officers of the appellant corporation since the issuance of its original license. Appellant contends that the reason for the delay in granting a renewal license was the fact that the theatre involved exhibits sexually-oriented "adult" motion pictures.

During the one and one-half years that the appellant corporation has operated the theatre involved in this case, a number of criminal prosecutions have been commenced against it for the exhibition of allegedly obscene films. Appellant states that all of those actions have been disposed of without trial as a result of a representation made to the Judge of the Criminal Court of the City of New York by one of appellee Myerson's commissioners that guilty pleas by the corporation would not affect the licenses held by the appellant.

Prior to the commencement of this action, criminal proceedings were initiated against the appellant for operating a theatre without a license in violation of Article 2 of Title B of Chapter 32 of the Administrative Code of the City of New York.[2] Appellant seeks a declaratory

1. The ordinance involved in this case is Article 2 of Title B of the Administrative Code of the City of New York which reads in pertinent part as follows:

"B 32–24.0 License required; fee; term—a. It shall be unlawful to operate a motion picture or open-air motion picture theatre without a license therefor.

\* \* \* \* \*

B 32–25.0 Application for motion picture theatre licenses—Applications for motion picture theatre licenses or for open-air motion picture theatre licenses shall be made to the commissioner, who shall pass upon the location of the theatre and upon the character of the applicant for the license without delay. Upon the application for the issue or reissue of a license for such theatre, the commissioner shall request the fire department, the department of water supply, gas and electricity, the department of health, and the department of buildings, to inspect the same, and such departments within ten days after receiving such requests, shall file in the department of licenses detailed written reports, which shall include a statement of any violation of law relating to such structure, and any dangerous conditions existing therein. Upon the failure of any such department to file such report, the commissioner may disregard such department and, in his discretion, may issue a license . . . ."

2. Appellant claimed at oral argument and in its reply brief (at page 34) that "there is no pending criminal prosecution against

judgment that the Code provisions requiring licensing of motion picture theatres are unconstitutional on their face and as applied to the appellant in that they abridge First Amendment rights. It also seeks an injunction against Commissioner of Consumer Affairs Myerson and Police Commissioner Murphy to enjoin them from enforcing the regulation "or in any way punishing the failure to comply with said ordinance." We find that such action would interfere with legitimate state judicial and administrative proceedings and we therefore affirm the order of the district court.

■ Under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), federal courts must abstain when state criminal proceedings are pending. Appellant may raise its constitutional objections to the provisions at issue herein as a defense to the criminal prosecution in the state courts. If it is unsuccessful there it can appeal through the New York State courts to the United States Supreme Court.

■ The Supreme Court in the *Younger* case noted that absent special circumstances the federal courts should abstain from suits such as these when not to do so would constitute interference with state criminal proceedings. The special circumstances under which federal courts may act although state proceedings are pending are not present in the instant case. Those circumstances involve cases where irreparable injury is "both great and immediate," 401 U.S. at 46, 91 S.Ct. 746 (quoting Fenner v. Boykin, 271 U.S. 240, 242, 46 S.Ct. 492, 70 L.Ed. 927 (1926)), where the state law is "flagrantly and patently violative of express constitutional prohibitions," 401 U.S. at 53, 91 S.Ct. at 755 (quoting Watson v. Buck, 313 U.S. 387, 402, 61 S.Ct. 962, 85 L.Ed. 1416 (1941)), or where there

defendant [sic], but the threat of forcible cloture is so imminent as to constitute the irreparable injury which would take the case out of the *Younger* exception to *Dombrowski* even if such a criminal prosecution were pending." Appellant also stated in its brief (at page 5) and its reply brief (at page 3) that the trial judge erred in stating that there was a pending criminal proceeding. Appellant termed that finding as having "no support . . . in the record . . . and such assertion is in fact wholly and completely incorrect." (Appellant's reply brief, p. 3). We would note that criminal proceedings are apparently pending in the City courts as is evidenced by the appellant's own affidavit prepared by its attorney, submitted below in support of its motion, and repeated in its brief before this court which stated:

"Not satisfied with delaying the issuance of the license, the Defendants herein embarked upon a plan and scheme with regard to virtually all Manhattan theatres exhibiting sexually oriented matter, including the Plaintiffs herein, wherein and *whereby criminal prosecutions were instituted against Owners of such theatres, including the Plaintiff, for operating theatres without a current valid license.* Civil injunction proceedings were instituted against some theatres, not including the Plaintiff, seeking to close the said theatres by reason of their lack of a current theatre license and administrative proceedings were instituted to fine, suspend or revoke licenses on the grounds that the said theatres had violated the law by exhibiting obscene films. All of these attacks upon such theatres were begun in 1972 and have been continuing to this very date.

"*The criminal prosecutions for lack of a current license are pending in the Criminal Court of the City of New York.* The injunction proceedings to close down theatres for lack of a current license are pending in the Supreme Court of the State of New York. The *administrative proceedings to fine, suspend and revoke licenses have already been initiated,* with hearings had and fines, suspensions and revocations meted out to various theatres." (Emphasis added.)

Moreover, we note that if criminal proceedings are *not* pending, appellant may not even be a proper party to raise the issues it asks us to resolve. See *Younger v. Harris,* 401 U.S. 37 at 41–42, 91 S.Ct. 746, 27 L.Ed.2d 669; Note, Implications of the Younger Cases for the Availability of Federal Equitable Relief When No State Prosecution is Pending, 72 Colum. L.Rev. 874 (1972). But see Wulp v. Corcoran, 454 F.2d 826 (1st Cir. 1972); Lewis v. Kugler, 446 F.2d 1343 (3d Cir. 1971).

is a showing of "bad faith, harassment, or . . . other unusal circumstance[s] that would call for equitable relief," 401 U.S. at 54, 91 S.Ct. at 755.

Not only is the corporation not suffering any immediate irreparable injury, but the theatre apparently continues to operate—showing whatever type of pictures it chooses. Moreover there is no evidence in the record to indicate that the prosecutions involved herein were "undertaken . . . in bad faith without hope of obtaining a valid conviction . . .", Perez v. Ledesma, 401 U.S. 82, 85, 91 S.Ct. 674, 677, 27 L.Ed.2d 701 (1971) nor has there been any showing that the appellees were selectively enforcing the regulation at issue. Finally, there is no reason to believe that the City is deliberately "harassing" the appellant in such a way as to take the case out of the area governed by Younger v. Harris.

Affirmed.