Jack B. WESTCOTT et al., Plaintiffs,

v.

Frank GRICE et al., Defendants.

Civ. A. No. 73–3653–M.

United States District Court, D. Massachusetts.

April 1, 1974.

George M. Ford, Thomas D. Burns, Burns & Levinson, Boston, Mass., George M. Vetter, Jr., Hinckley, Allen, Salisbury & Parsons, Providence, R.I., for plaintiffs.

Robert H. Quinn, Atty. Gen., Harvey F. Rowe, Jr., Asst. Atty. Gen., Boston, Mass., for defendants.

Before COFFIN, Chief Circuit Judge, and MURRAY and TAURO, District Judges.

MEMORANDUM

FRANK J. MURRAY, District Judge.

The plaintiffs, five residents of the State of Rhode Island, bring this complaint seeking injunctive and declaratory relief to prevent enforcement of three statutes [1] of the Commonwealth of Massachusetts prohibiting the taking of fish by nonresidents of the Commonwealth from certain waters in Vineyard and Nantucket Sounds. Jurisdiction is invoked under 28 U.S.C. § 1331 and § 1332. Since the injunctive relief requested is based on allegations that the statutes are repugnant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and to the Privileges and Immunities Clause thereof, art. IV, § 2(1), a three-judge court was convened under 28 U.S.C. § 2284. The case came on to be heard on the application for a preliminary injunction upon certain testimony offered by plaintiffs, an oral stipulation of the parties, and their oral arguments and memoranda of law. During the hearing the parties stipulated that the case could be considered as tried on the merits. Fed.R.Civ.P., Rule 65(a)(2).

Plaintiffs fish the waters of Vineyard and Nantucket Sounds in the summer months for scup [2] in a vessel not of Massachusetts registry. On September 7, 1973 they were arrested and charged with violating Mass.Stat.1923, ch. 35 in a criminal complaint filed with the Massachusetts District Court of Dukes County. That proceeding is pending, and is being prosecuted by one or more of the defendants. Plaintiffs seek to enjoin the prosecution, and they also ask injunctive relief to prevent future enforcement of Stat.1936, ch. 158, and

---

1. Chapter 35 of the Acts of 1923 of the Commonwealth of Massachusetts, as amended by chapter 219 of the Acts of 1962, provides as follows:

*AN ACT PROHIBITING DURING CERTAIN MONTHS OF THE YEAR THE USE BY CERTAIN PERSONS OF BEAM OR OTTER TRAWLS IN TAKING FISH FROM CERTAIN WATERS OF THE TOWNS OF CHILMARK, GAY HEAD AND GOSNOLD.*

\* \* \* \* \*

It shall be unlawful during the months of July, August and September for any person who has not been a legal resident of this commonwealth during the preceding year to use beam or otter trawls to drag for fish in that part of the waters of Vineyard Sound lying in the towns of Chilmark, Gay Head and Gosnold, and included between an imaginary line running from the extreme western point of Gay Head to the extreme western point of Nashawena island and another imaginary line running from Cape Higgon to Tarpaulin Cove Light. Violation of this act shall be punished by a fine of not less than five hundred nor more than one thousand dollars.

Chapter 158 of the Acts of 1936 of the Commonwealth of Massachusetts provides as follows:

*AN ACT PENALIZING THE TAKING BY CERTAIN PERSONS OF FISH BY THE OTTER TRAWL METHOD FROM A CERTAIN AREA IN VINEYARD AND NANTUCKET SOUNDS.*

\* \* \* \* \*

Whoever, not being an inhabitant of this commonwealth, takes, attempts to take or assists in taking fish by the otter trawl method from so much of the waters of Vineyard and Nantucket sounds as lies between a line connecting Gay Head and Cuttyhunk lights and a line extending north thirteen degrees west (true bearing) from Cape Pogue light to the mainland shall be punished by a fine of not less than twenty nor more than fifty dollars.

Section 99 of Chapter 130 of the General Laws of the Commonwealth of Massachusetts provides as follows:

*Carrying fish out of commonwealth in vessel or smack owned without commonwealth.* Whoever, other than a common carrier, carries out of the commonwealth in any vessel or smack owned without the commonwealth any fish, except oysters, taken within the coastal waters, and whoever in any such vessel or smack takes any fish within the coastal waters for the purpose of carrying them out of the commonwealth, shall be punished by a fine of fifty dollars, and all fish so taken or carried shall be forfeited to the commonwealth and disposed of by the director for the best interests of the commonwealth.

2. Scup is a migratory warm water fish. According to Webster's Third New International Dictionary Unabridged (1967) scup is a fish occurring from South Carolina to Maine and esteemed as a panfish. It is more commonly called "porgy" in Maine.

Mass.Gen.Laws ch. 130, § 99. They also seek declaratory relief under 28 U.S.C. § 2201 on the ground that the statutes are unconstitutional. We deny the requests for relief for the following reasons.

## I

■■■ Chapter 35 of the Acts of 1923 of the Commonwealth prohibits a person, not a legal resident of Massachusetts "during the preceding year", to use beam or otter trawls to drag for fish in a certain part of the waters of Vineyard Sound. Violation of the statute is punishable by a fine. Since they are the objects of a prosecution under the statute, plaintiffs are therefore parties to "an acute, live controversy" with the defendants and have standing in this court to challenge Stat.1923, ch. 25 on the ground that it violates the federal constitution. Younger v. Harris, 401 U.S. 37, 41–42, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). It is quite a different matter, however, for plaintiffs to be granted injunctive relief by this court at this stage to stop the criminal proceeding pending in the state court. Ordinarily, a federal court will not interfere by injunction with a state court prosecution, even when there is a plausible allegation that the statute on which the prosecution is based is unconstitutional. The usual course is to require the accused person to raise his constitutional defenses in the state court proceedings, Younger v. Harris, *supra*; Watson v. Buck, 313 U. S. 387, 61 S.Ct. 962, 85 L.Ed. 1416 (1941); Fenner v. Boykin, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927 (1926), unless he can make a strong showing that this course would not provide him with adequate protection of his federally protected rights. Younger v. Harris, *supra*.

At the very least, the accused must show the danger of irreparable injury "both great and immediate", *Fenner, supra*, 271 U.S. at 243, 46 S.Ct. 492, before federal intervention is deemed appropriate. ●

"[W]here an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well." Samuels v. Mackell, 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971).

Plaintiffs have not shown that they are threatened by the prosecution with the character of injury which would justify injunctive relief at this stage. They have not shown any harassment by defendants, or that the prosecution is not a good faith attempt to enforce the statute. Federal injunctive relief is not justified if the injury threatened is no more than that incidental to every criminal proceeding prosecuted in good faith. Douglas v. Jeanette, 319 U. S. 157, 164, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). Because the prohibitions of Stat.1923, ch. 35 apply only during the summer months, there is no likelihood that plaintiffs will be made the subject of additional prosecutions for fishing in the proscribed waters before the case pending in the Dukes County court is heard and determined. For aught that appears, there will be no delay of plaintiffs' trial in that court, or that the issue of unconstitutionality of Stat.1923, ch. 35 asserted here cannot just as adequately and effectively be raised in the state court. Plaintiffs have not shown that the protection they seek here cannot be completely secured after trial in that court with ultimate appeal to the Supreme Court of the United States. Thus they have not made the required showing of irreparable injury justifying federal injunctive relief to stop the prosecution in the state court. Further, on the plaintiffs' showing, we perceive no circumstances in light of the governing principles of equity and comity that make declaratory relief appropriate as to Stat.1923, ch. 35. Samuels v. Mackell, *supra*, 401 U.S. at 73, 91 S.Ct. 764.

## II

Their claim for injunctive relief against any future enforcement of Mass.Gen.Laws ch. 130, § 99 and Stat. 1936, ch. 158 alleges no actual pending controversy with defendants. Plaintiffs

make no claim that they are being prosecuted under either of these statutes, and they have not alleged any threats of prosecution thereunder. They claim they are apprehensive, however, that should they carry on their fishing operations in the areas proscribed by, and under the circumstances provided in, these allegedly facially unconstitutional statutes, they will subject themselves to the likelihood of prosecution and to the risk of fines, and forfeitures to the Commonwealth of fish caught by them. They contend that their fears of prosecution are not speculative, and they point to the pending prosecution in the District Court of Dukes County as support for their claim that prosecution would be likely to follow. They also allege in substance that should they elect not to fish such waters for fear of prosecution, they would suffer substantial business losses for which no compensation would be recoverable under the laws of the Commonwealth.

 On this aspect of the complaint we are not met with a request to intervene in a pending state court prosecution involving the challenged statutes.[3] The holdings in Younger v. Harris, *supra*, and Samuels v. Mackell, *supra*, were expressly limited to circumstances where prosecutions were pending in state courts, but since these cases were decided federal courts have granted relief in certain situations when no prosecution was pending. *See e. g.* Thoms v. Heffernan, 473 F.2d 478 (2d Cir. 1973); Wulp v. Corcoran, 454 F.2d 826 (1st Cir. 1972). Very recently the Court has left no doubt that "regardless of whether injunctive relief may be appropriate, federal declaratory relief is not precluded when no state prosecution is pending and a federal plaintiff demonstrates a genuine threat of enforcement of a disputed state criminal statute, whether an attack is made on the constitutionality of the statute on its face or as applied". Steffel v. Thompson, 415 U.S. 452, 475, 94 S.Ct. 1209, 1223, 39 L.Ed.2d 505 (1974). Nonetheless, plaintiffs here must at least allege and prove that their case for federal relief is a continuing live controversy.[4] United States v. SCRAP, 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973); Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). *Compare* Wulp v. Corcoran, *supra, with* Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971). The allegation that defiance of these statutes will subject plaintiffs to the risk of fines and forfeitures, charges no overt acts by defendants, or even the threat of action; and plaintiffs neither

3. While the State has not initiated any proceedings in the state court based on the challenged statutes, Mass.Gen.Laws ch. 130, § 99 and Stat.1936, ch. 158, plaintiffs' constitutional attack on these statutes does parallel their constitutional objections to Stat. 1923, ch. 35 involved in the pending state court case. We do not regard this fact an obstacle to the propriety of federal relief, but we do not reach the question under what circumstances, if at all, plaintiffs' defense against the pending prosecution affords vindication of their rights on this aspect of their complaint.

4. In Younger v. Harris, the Court emphasized that although Harris had standing to seek federal injunctive relief, the other plaintiffs did not: "If these three had alleged that they would be prosecuted for the conduct they planned to engage in, and if the District Court had found this allegation to be true . . . then a genuine controversy might be said to exist". 401 U.S. 37, 42, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971). In his separate opinion in Perez v. Ledesma, 401 U.S. 82, 93, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971), Mr. Justice Brennan pointed out: "Ordinarily a declaratory judgment will be appropriate *if the case-or-controversy requirements of Article III* [of the Constitution] *are met* . . . ." (Emphasis supplied.) *Id.* at 121, 91 S.Ct. at 695. In Steffel v. Thompson, *supra*, the Court said: "At the threshold we must consider whether petitioner presents an 'actual controversy,' a requirement imposed by Art. III of the Constitution and the express terms of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201." 415 U.S. 452, 458, 94 S.Ct. 1209, 1215, 39 L.Ed.2d 505 (1974).

allege nor show that defendants have deterred or hindered them from taking the action proscribed by the challenged statutes. Their contentions rise no higher than that they will feel inhibited by the pending prosecution when, sometime in the future, they wish to fish the Massachusetts coastal waters for scup.

We doubt that plaintiffs' allegations and the proof offered in support of their request to us to prevent future enforcement of Mass.Gen.Laws ch. 130, § 99 and Stat.1936, ch. 158 present a controversy of "sufficient immediacy and reality", Golden v. Zwickler, 394 U.S. 103, 108, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969), to warrant this court's intervention. There is no prospect of any immediate and actual controversy arising between these parties. Scup abound in the coastal waters of the Commonwealth in July, August and September, and are not to be found there in the quantities at other times of the year that attract fishermen. Aside from conjectural injury, plaintiffs have not alleged or shown any actual injury, real or threatened, as a result of any conduct on the part of defendants, or that plaintiffs are presently in a position to actually violate the statutes "with the risks that such a course necessarily entails, before being allowed to assert fundamental constitutional rights". Wulp v. Corcoran, *supra*, 454 F.2d at 830. In short, they are not at the point where the only course open to them before invoking a federal challenge to the constitutionality of the statutes requires that they expose themselves to criminal penalties. Viewing, as we do, plaintiffs' case for federal injunctive and declaratory relief concerning the enforcement of the two Massachusetts statutes as lacking in substance the rudiments of an acute, live controversy with defendants, we do not reach other questions argued.

Accordingly, the complaint is hereby dismissed.

