Robert MARTRANO, d/b/a Head Keeper, Plaintiff,

v.

Roy BRIDGES, in his capacity as Hummelstown Chief of Police; Marion Alexander, in her capacity as Mayor of Hummelstown; Richard Lewis, in his capacity as Dauphin County District Attorney; and the Borough of Hummelstown, Defendants.

Civ. A. No. 80–0457.

United States District Court, M. D. Pennsylvania.

June 16, 1980.

Robert C. Rayman, Devecka & Rayman, State College, Pa., for plaintiff.

Herbert A. Schaffner, Harrisburg, Pa., for Roy Bridges, Marion Alexander & Borough of Hummelstown.

Robert L. Knupp, Asst. Sol. for Dauphin Co., Knupp & Andrews, Harrisburg, Pa., for Richard Lewis.

## MEMORANDUM ORDER

RAMBO, District Judge.

The plaintiff, Robert Martrano, is the owner-operator of a business known as Head Keeper, located in the Borough of Hummelstown, Dauphin County, Pennsylvania. Items for sale in his business include, but are not limited to, the following: all types of pipes used for smoking, including wood, water and glass pipes, assorted "roach" clips, cigarette papers, jewelry, T-shirts and various curios.

On April 16, 1980, the Borough of Hummelstown passed an Ordinance, No. 3, 1980, entitled:

> AN ORDINANCE PROHIBITING THE SALE AND ADVERTISING FOR SALE BY ANY PERSON NOT A LICENSED PHARMACY OF PARAPHERNALIA ASSEMBLED FOR SALE IN ORDER TO BE USED, IN ANY WAY, WITH THE INTRODUCTION INTO THE HUMAN BODY OF A CONTROLLED SUBSTANCE AS THAT TERM IS DEFINED BY THE "CONTROLLED SUBSTANCE, DRUG DEVICE AND COSMETIC ACT" OF THE PENNSYLVANIA LEGISLATURE.

On April 16, and April 17, 1980, plaintiff received citations for violations of the ordinance. On May 20, 1980, plaintiff was found guilty by a district justice of one count, the second count · having been dropped.

On April 28, 1980, plaintiff filed a motion for a temporary restraining order, a motion for a preliminary injunction, a complaint alleging violations of 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and 28 U.S.C. § 2201 and § 2202. A hearing on the temporary restraining order was held on May 22, 1980, at which time the court requested briefs on the issue of "abstention".

In *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the court considered the propriety of federal court intervention in pending state criminal prosecutions and reiterated its position that federal injunctions against the state criminal law enforcement process could be issued only "under extraordinary circumstances where the danger of irreparable loss is 'both great and immediate'." *Id.* at 46, 91 S.Ct. at 751, citing *Fenner v. Boykin*, 271 U.S. 240, 243, 46 S.Ct. 492, 493, 70 L.Ed. 927 (1926). The *Younger* opinion suggested that only in extraordinary situations could the necessary injury be shown if the prosecution was conducted in good faith and

without an intent to harass. *Id.*, 401 U.S. at 54, 91 S.Ct. at 755. It was specifically noted that the "cost, anxiety and inconvenience of having to defend against a single criminal prosecution" was not the type of extraordinary circumstances that could justify federal intervention. *Id.* at 46, 91 S.Ct. at 751.

In *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1974), the Court considered the propriety of federal court intervention in a proceeding that involved an Ohio public nuisance statute. The *Huffman* Court held that:

relevant considerations of federalism . . . counsel more heavily toward federal restraint, since interference with a state judicial proceeding prevents the state not only from effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies. Such interference also results in duplicative legal proceedings and can readily be interpreted "as reflecting negatively upon the state courts' ability to enforce constitutional principles." *Id.* at 604, 95 S.Ct. at 1208, citing *Steffel v. Thompson*, 415 U.S. 452, 462, 94 S.Ct. 1209, 1217, 39 L.Ed.2d 505 (1974).

A state judicial system should be fairly accorded the opportunity to resolve federal issues arising in its court; especially when the constitutional issue involves a statute amenable to judicial narrowing. *Huffman, supra*, 420 U.S. at 609, 95 S.Ct. at 1210.

Plaintiff, in the case *sub judice*, has not yet decided whether to appeal his summary conviction. If no appeal is taken, plaintiff would argue that when the appeal period expires, there is no longer a pending state judicial proceeding, thereby permitting intervention by the federal court. In *Huffman*, however, the Court addressed the identical issue and held that

regardless of when the Court of Common Pleas' judgment became final, we believe that a necessary concomitant of *Younger* is that a party in appellee's posture must

exhaust his state appellate remedies before seeking relief in the District Court unless he can bring himself within one of the exceptions specified in *Younger*. *Huffman, supra*, at 608, 95 S.Ct. at 1210.

*Younger* and *Huffman* allow intervention in those cases where the District Court properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, paragraph and in whatever manner and against whomever an effort might be made to apply it." *Huffman, supra*, at 611, 95 S.Ct. at 1211. This court does not find any of these conditions in the case before it.

Nor does this court find irreparable harm that is great and immediate. Plaintiff argues that he has had to close his place of business and, therefore, lose his livelihood. In *High Ol' Times, Inc. v. Busbee*, 449 F.Supp. 364 (N.D.Ga.1978), a similar head shop act was involved. The court recognized that the availability of the abstention doctrine requires consideration of the predictable delay and expense to be incurred if it is invoked. In *High Ol' Times* plaintiff retailers advised the court that their businesses were thinly capitalized, rendering temporary suspensions in trading possibly fatal to their continued existence. The court recognized the plaintiffs' plight, but at the same time recognized the imperative of avoiding "unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law and premature constitutional adjudication." *Id.* at 368, citing *Harman v. Forssenius*, 380 U.S. 528, 534, 85 S.Ct. 1177, 1181, 14 L.Ed.2d 50 (1965).

This court also notes that during the hearing on plaintiff's motion, plaintiff testified that an eviction proceeding had been initiated against him at his present business location, requiring plaintiff to ultimately close his shop. Thus, any harm suffered by plaintiff voluntarily closing his shop was necessitated by plaintiff's landlord tenant problems as much as necessitated allegedly by the ordinance.

Plaintiff alleges that as a general rule when an alleged deprivation of a constitutional right is involved most courts hold that no further showing of irreparable harm is necessary. In *Younger*, the court held

> The existence of a "chilling effect", even in the area of First Amendment rights, has never been considered a sufficient basis, in and of itself, for prohibiting state action. . . . Just as the incidental "chilling effect" of such statutes does not automatically render them unconstitutional, so the chilling effect that admittedly can result from the very existence of certain laws on the statute books does not in itself justify prohibiting the State from carrying out the important and necessary task of enforcing these laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution. *Id.*, 401 U.S. at 51–52, 91 S.Ct. at 754.

The court hereby denies plaintiff's request for the issuance of a preliminary injunction and will abstain from present consideration of the Borough of Hummelstown Ordinance No. 3, 1980, pending authoritative interpretation by the Pennsylvania courts.