Robert L. WILSON, Plaintiff,

v.

CITY OF GREENVILLE, A Municipal Corporation; William D. Workman, Mayor; James Snyder, Ralph Anderson, Lillian Fleming, Knox White, Eleanor Welling, Members of the Greenville City Council; Ron Dickerson, Zoning Administrator; Brenda Binns, Sign Inspector; Zoning Board of Adjustment; All in their Official Capacities, Defendants.

Civ. A. No. 6:85–2730–14.

United States District Court,
D. South Carolina,
Greenville Division.

Oct. 24, 1985.

Larry K. Wood, Greenville, S.C., for plaintiff.

Stephen A. Kern, City Atty., Greenville, S.C., for defendants.

### ORDER

WILKINS, District Judge.

Plaintiff moves for a preliminary injunction enjoining Defendants from pursuing present and future state criminal prosecutions against him arising from alleged violations of the local city sign ordinance. For the reasons stated herein, the motion is denied and this action is dismissed.

Plaintiff is a tenant in a home located on a lot zoned exclusively for residential purposes. Plaintiff has for a period of time erected various political and religious signs, each 32 square feet in area, on the property. The City of Greenville contends that these signs do not comply with its ordinance regulating the erection of signs within its city limits. Plaintiff was arrested and charged with a violation of the sign ordinance and convicted in municipal court on October 10, 1985. He timely filed a notice of intent to appeal his conviction to the state circuit court. Meanwhile, Plaintiff elected not to comply with the ordinance. He has since been arrested again on two separate occasions. These cases are now pending in municipal court.

The Complaint indicates Plaintiff ultimately seeks a declaration that the sign ordinance is unconstitutional, a permanent injunction against the City of Greenville and its officials, and monetary damages.[1] Federal courts should not "stay or enjoin pending state court proceedings except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971). In this case, before seeking the relief now requested, Plaintiff should first "set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection." *Younger v. Harris*, 401 U.S. at 45, 91 S.Ct. at 751, (quoting *Fenner v. Boykin*, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927 (1926)).

Plaintiff attempts to avoid dismissal by alleging he qualifies under one of the "narrow exceptions" to the *Younger* rule. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611, 95 S.Ct. 1200, 1212, 43 L.Ed.2d 482 (1975). His attempts fail, however, for he has not demonstrated any "great and im-

---

1. There is no difference between Plaintiff's requests for injunctive and declaratory relief. The granting of either would "result in precisely the same interference with and disruption of state proceedings that the long-standing policy limiting injunctions was designed to avoid." *Samuels v. Mackell*, 401 U.S. 66, 72, 91 S.Ct. 764, 767, 27 L.Ed.2d 688 (1971).

mediate" irreparable injury. *Younger v. Harris*, 401 U.S. at 46, 91 S.Ct. at 751. The cost, anxiety and inconvenience of defending a criminal prosecution in a city or state court simply does not satisfy this standard.

Plaintiff has further conceded in oral argument before this Court that there was no bad faith or harassment on the part of the city officials in their enforcement of the city ordinance. *United Books, Inc. v. Conte*, 739 F.2d 30, 33–34 (1st Cir.1984). Thus, his assertion that his first amendment rights are being infringed is not a circumstance sufficient in itself to justify federal intervention while a state action is pending. *Younger v. Harris*, 401 U.S. at 51, 53, 91 S.Ct. at 754, 755. Further, the exception permitting federal intervention if the ordinance is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" is simply inapplicable here. *Huffman v. Pursue, Ltd.*, 420 U.S. at 611, 95 S.Ct. at 1212.

While Plaintiff obviously prefers to present his constitutional defenses in this Court, the Supreme Court has previously, in effect, rejected this forum shopping argument. *See Hicks v. Miranda*, 422 U.S. 332, 336–37 n. 3, 95 S.Ct. 2281, 2285 n. 3, 45 L.Ed.2d 223 (1975). In other words, this Court should not at this point address Plaintiff's constitutional arguments because he has an opportunity to have them timely addressed by a competent state tribunal. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435, 102 S.Ct. 2515, 2522, 73 L.Ed.2d 116 (1982); *Craig v. Barney*, 678 F.2d 1200 (4th Cir.), *cert. denied*, 459 U.S. 860, 103 S.Ct. 133, 74 L.Ed.2d 114 (1982).

Accordingly, Plaintiff's motion is denied and this action is dismissed without prejudice.

AND IT IS SO ORDERED.