David **MORRIS** and Joseph Richards, also known as Joseph Pierandozzi

v.

**COMMONWEALTH OF PENNSYLVA-NIA and LeRoy S. Zimmerman, Attorney General.**

Civ. A. No. 88–6502.

United States District Court, E.D. Pennsylvania.

Sept. 7, 1988.

---

Richard Fink, Levittown, Pa., for plaintiffs.

Eric M. Noonan, Deputy Atty. Gen., Norristown, Pa., for defendants.

## MEMORANDUM

VAN ANTWERPEN, District Judge.

On August 24, 1988, plaintiffs moved this court for an order enjoining and restraining the defendant Commonwealth of Pennsylvania from disclosing or introducing into evidence electronic surveillance evidence at plaintiffs' scheduled preliminary hearings. For the reasons stated below, this motion was denied.

Plaintiffs argued that we should restrain or enjoin defendant from proceeding with a criminal prosecution because Pa.R.Crim.P. 323, 42 Pa. C.S.A., does not provide an opportunity for a motion to suppress prior to the preliminary hearing; since 18 U.S.C. § 2515 does provide such opportunity, the Pennsylvania statute is in violation of the Supremacy Clause of the United States Constitution. Plaintiffs further argued that there is no adequate state process available to challenge the evidence, and its disclosure will create a chilling effect on the free expression of the residents of Pennsylvania. Plaintiffs' arguments were not convincing.

Federal injunctions are available to interfere with state criminal prosecutions only " 'under extraordinary circumstances where the danger of irreparable loss [of a constitutional right] [is] both great and immediate.' " *See Deaver v. Seymour*, 822 F.2d 66, 69 (D.C.Cir.1987) (quoting *Fenner v. Boykin*, 271 U.S. 240, 243, 46 S.Ct. 492, 493, 70 L.Ed. 927 (1926)). It is not sufficient injury that the plaintiffs must suffer the " 'cost, anxiety, and inconvenience of having to defend against a single criminal prosecution.' " *Id.* (quoting *Younger v. Harris*, 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971)).

In recent years, the Supreme Court has upheld federal injunctions to restrain state criminal proceedings only where the prosecution chilled the exercise of First Amendment rights. *Id.* The plaintiffs offered no support for their contention that the defendant's prosecution threatens the First Amendment rights of Pennsylvania citizens, and we were convinced that such rights were not in jeopardy. In cases such as this, where we do not perceive great danger of irreparable loss of a constitutional right, plaintiffs have an adequate non-injunctive remedy; they may raise their claim in the state criminal proceedings. We also note that 18 U.S.C. § 2515 does not provide for injunctive relief. The available remedies are suppression of the illegally obtained evidence and recovery of civil damages under 18 U.S.C. § 2520. Therefore, plaintiffs' motion for a temporary restraining order or preliminary injunction was denied.