**Eligha SINGLETON, Petitioner,**

v.

**STATE OF ALABAMA, Respondent.**

**Civ. A. No. 95–D–496–N.**

United States District Court,
M.D. Alabama,
Northern Division.

April 24, 1995.

Habib Yazdtchi, Montgomery, AL, for petitioner.

Robert E. Lusk, Jr., Office of Dist. Atty. and Eleanor I. Brooks, Dist. Atty., Montgomery, AL, for respondent.

### *MEMORANDUM OPINION AND ORDER*

DE MENT, District Judge.

Before the court is the State of Alabama's "Motion to Dismiss and/or Motion for Summary Judgment" filed April 17, 1995. After careful consideration of the arguments of

---

counsel, the caselaw and the record as a whole, the court finds that the State of Alabama's motion is due to be granted.

## PROCEDURAL HISTORY

The petitioner originally filed a motion for a temporary restraining order (hereafter "TRO"),[1] therein requesting the court to restrain the prosecution of the petitioner in a criminal action initiated in the Circuit Court of Montgomery County, Alabama. At a hearing held on April 14, 1995, after notice, the court questioned whether in this case, a federal court has jurisdiction to enjoin the state criminal proceedings. So that a final disposition on the merits could be reached, the court recommended that the State of Alabama file a motion to dismiss or, in the alternative, a motion for summary judgment. Said motion was filed on April 17, 1995 and now is before the court. The next day, counsel for the petitioner notified the court that after thorough research, he was unable to discover either caselaw or statutory law, which would allow the court to issue the TRO requested.

## FACTS

In the criminal action pending in state court, the defendant (petitioner here) is charged with murder and was arrested for said crime on January 1, 1994. The state court held a preliminary hearing on February 25, 1994. Almost five months later on July 22, 1994 and after no action had been taken in the case, the petitioner filed a motion to dismiss the indictment. Subsequently, he filed a motion for a speedy trial, which the state court granted on August 14, 1994.

After the grand jury returned an indictment on September 19, 1994, the case was set for trial several times but had to be continued because the State of Alabama was not prepared to prosecute the petitioner.[2] Thereafter, on December 6, 1994, the circuit court granted petitioner's motion to dismiss the indictment with leave to the State of Alabama to re-indict the petitioner. The State of Alabama now has re-indicted the petitioner, who was arraigned on April 19, 1995.

## DISCUSSION

The petitioner seeks a federal court injunction against the state criminal proceedings on the ground that the prosecution violates his right to a speedy trial guaranteed under the sixth and fourteenth amendments to the United States Constitution.[3] The State of Alabama primarily challenges the propriety of such injunctive relief under the equitable doctrine of abstention as pronounced in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

In order to interfere in state court criminal proceedings, the court must overcome the *Younger* principles of comity and federalism. The *Younger* court articulated that absent exceptional circumstances where the irreparable injury is " 'both great and immediate,' " federal courts should abstain from enjoining pending state criminal prosecutions. *Id.* at 45–46, 91 S.Ct. at 751–52 (citing *Fenner v. Boykin*, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927 (1926)). *See also Samuels v. Mackell*, 401 U.S. 66, 69, 91 S.Ct. 764, 766, 27 L.Ed.2d 688 (1971). The injury is neither great or immediate where the petitioner has not yet exhausted his state remedies. In other words, "the threat to the [petitioner's] federally protected rights must be one that cannot be eliminated by his defense against a single

1. *See* Fed.R.Civ.P. 65(b).

2. At the hearing held on the petitioner's motion for a TRO, the State of Alabama asserted that the delay ensued primarily because the Occupation Safety & Health Administration had shut down the local office of the Department of Forensic Sciences, thus preventing the State from obtaining the forensic data necessary to proceed with the prosecution.

3. The Sixth Amendment provides:

In all criminal prosecutions, the accused shall enjoy *the right to a speedy and public trial*, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const., amend. VI (emphasis supplied).

criminal prosecution." *Id.*, 401 U.S. at 46, 91 S.Ct. at 751 (citations omitted) (brackets supplied).[4]

Binding precedent in the Eleventh Circuit indicates that the *Younger* exceptional circumstances test is satisfied where the state initiates a prosecution in bad faith or for harassment. *United States v. Wood,* 295 F.2d 772 (5th Cir.1961), *cert. denied* 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9 (1962)[5] (holding that the district court erred in refusing to enjoin a state criminal prosecution, where said prosecution was launched to intimidate blacks and discourage registration of black voters); *see also Duncan v. Perez,* 445 F.2d 557 (5th Cir.1977).

The court, in exercising its discretion, finds that the principles of equity and comity set forth in *Younger* require the court to abstain from exercising jurisdiction in this action. First, the facts of the case, as well as the petitioner's arguments presented at the hearing, fail to allege a degree of injury sufficient to fall within an exception to *Younger.* The petitioner does not suggest that the State of Alabama acted in bad faith or for the purpose of harassment. In fact, there are not any unusual circumstances presented that would warrant the relief requested.

Second, the court finds that the state proceedings provide an adequate opportunity to raise the defense of denial of speedy trial and that the petitioner's failure to exhaust his state remedies precludes relief in federal court.[6] The court is more than confident that the learned judges of the Fifteenth Judicial Circuit continuously will hold true and steadfast to their constitutional duties to uphold and abide by the "Federal Constitution, laws and treaties"[7] and that they are cognizant of the teachings of *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972) (citations omitted) (enumerating factors for consideration in determining whether an accused has been deprived a speedy trial in violation of the Sixth Amendment).

However, the court emphasizes that the denial of injunctive relief does not divest the petitioner of a remedy in federal court. If after perfecting the state appellate procedures the petitioner is unsatisfied with the outcome, he may seek review in this court.

*Id.* at 123, 72 S.Ct. at 122.

4. Even prior to *Younger,* the Supreme Court, more often than not, was reluctant to allow intervention in state court criminal proceedings. For example, in *Stefanelli v. Minard,* 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951), the petitioner brought a civil rights action, requesting the United States district court to enjoin the State of New Jersey from using certain evidence in a pending criminal action. In urging the court to issue injunctive relief, the petitioner claimed that the evidence was obtained by an unlawful search in violation of the Fourth Amendment.

Although not factually aligned with the instant action, *Stefanelli* enunciates the concerns of federalism, which advocates the avoidance of federal interference with state proceedings. In holding that the district court properly dismissed the lawsuit, the Supreme Court said in part:

> The consequences of exercising the equitable power here invoked are not the concern of a merely doctrinaire alertness to protect the proper sphere of the States in enforcing their criminal law. If we were to sanction this intervention, we would expose every State criminal prosecution to insupportable disruption. Every question of procedural due process of law—with its far-flung and undefined range—would invite a flanking movement against the system of State courts by resort to the federal forum, with review if need be to this Court, to determine the issue.

5. Decisions of the Former Fifth Circuit filed prior to October 1, 1981 constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

6. The respondent also raises 28 U.S.C. § 2283 as an additional barrier against federal intervention in pending state proceedings. Commonly referred to as the Anti–Injunction Act, 28 U.S.C. § 2283 provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgements."

In finding that abstention under *Younger* is warranted, the court need not decide whether an injunction could issue under § 2283: *Younger* abstention is a separate and independent hurdle, which the moving party must surmount in addition to the statutory dictates of § 2283. *See Henry v. First Nat'l Bank of Clarksdale,* 595 F.2d 291, 300 (5th Cir.1979), *cert. denied,* 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980). The court notes, however, that § 2283 enumerates three exceptions, none of which appear to apply to the case *sub judice.*

7. U.S. Const., Art. IV.

**1116**

*Cleary v. Bolger,* 371 U.S. 392, 400, 83 S.Ct. 385, 389–90, 9 L.Ed.2d 390 (1963).

### CONCLUSION

Accordingly, it is CONSIDERED and ORDERED that the State of Alabama's motion to dismiss and/or for summary judgment be and the same is hereby GRANTED.

There being no remaining triable issues on which recovery can be had in this case, the plaintiff's suit is hereby DISMISSED without prejudice.

The court declines to access costs herein.