**Guy HUNT, Individually and as Governor of the State of Alabama, Plaintiff,**

v.

**James H. ANDERSON, et al., Defendants.**

No. CV-91-A-1150-N.

United States District Court, M.D. Alabama, N.D.

Oct. 30, 1991.

M. Roland Nachman, Thomas W. Thagard, Maury D. Smith, Robin G. Laurie, Montgomery, Ala., for plaintiff.

James H. Evans, David Christy, Walter Turner, George E. Jones, C.C. Torbert, Asa Rountree, Montgomery, Ala., Maynard, Cooper, Frierson & Gale, Birmingham, Ala., for defendants.

## ORDER

ALBRITTON, District Judge.

This is a suit brought by Guy Hunt, individually and as Governor of the State of Alabama, against James H. Evans, as Attorney General of the State, and the Executive Director and members of the State Ethics Commission.[1]

The suit arises out of the State Ethics Commission's decision, following investigation of a citizen's complaint, that there was probable cause to believe that Governor Hunt's use of state aircraft for travel to speak at religious services where he received money in the form of honoraria or offerings was a violation of the Alabama Ethics Law.[2] The Commission forwarded its report of investigation and case file to the Attorney General for his review and appropriate legal action.

Governor Hunt contends that the defendants' actions in this matter have violated his rights under the constitution and laws of the United States and that prosecution of him for an alleged violation of the State Ethics Law would further violate those rights.

Specifically, the Governor contends that this attempted application of the State Ethics Law to him violates Article IV, § 4, of the Constitution of the United States [3] in that it violates the separation of powers between the executive, the legislative, and the judicial branches of government, which separation the Governor contends is an in-

---

1. Two state district attorneys originally joined as defendants were dismissed by agreement when the Attorney General assumed direct and exclusive control of the investigation referred to in the complaint.

2. *Code of Alabama,* 1975, §§ 36–25–1 through 36–25–30. Section 36–25–5 provides that "No

public official ... shall use an official position or office to obtain direct personal financial gain...."

3. "The United States shall guarantee to every state in this union a republican form of government...."

tegral part of the republican form of government guaranteed to each state by that section.

It is further contended in the complaint that the State Ethics Law is being applied against the plaintiff in an arbitrary, invidious, and impermissibly discriminatory manner, contrary to prior interpretations involving other governors, and that this violates his rights of due process and equal protection guaranteed by the Fourteenth Amendment to the United States Constitution.

Finally, Governor Hunt contends that the defendants' actions abridge his right to freedom of religion protected by the First and Fourteenth Amendments to the United States Constitution.

On the basis of these allegations, the Governor asks this court for a declaratory judgment as to whether the Alabama Ethics Law may be applied to him in the manner alleged and to enjoin the defendants from prosecuting him for the alleged ethics law violation. Further, the complaint asks for a preliminary injunction which would enjoin further action against the Governor by the defendants while this action is pending.

The defendants have filed a motion to dismiss the complaint, and each separate count, on the grounds that (1) the complaint fails to allege a justiciable controversy, (2) it fails to present a federal question, and (3) it fails to state a claim upon which relief can be granted.

Briefs have been filed by all parties, a hearing was held on October 8, 1991, and the case is now before the court on the defendants' motion to dismiss and the plaintiff's application for a preliminary injunction.

## JURISDICTION

Since this action involves a federal question, the plaintiff asserts that jurisdiction of the federal court exists under 28 U.S.C. § 1331. He also asserts jurisdiction under federal civil rights statutes, 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

The defendants contend that this court does not have jurisdiction, because the complaint fails to present a federal question and fails to allege a justiciable controversy.

The federal courts are courts of limited jurisdiction under Article III of the U.S. Constitution. As such, the court may not act unless it is presented with an actual case or controversy brought to it for decision.

■ Defendants say that a federal court may not act in this matter, because it lacks "justiciability". The question of justiciability involves both constitutional and prudential concerns. As the Eleventh Circuit Court of Appeals has stated:

> The constitutional aspect of the justiciability analysis focuses on whether an actual "case or controversy" as required by Article III is presented, while the prudential part asks whether it is appropriate for this case to be litigated in a federal court by these parties at this time.

*Hallandale Fire Fighters Local 2238 v. City of Hallandale*, 922 F.2d 756 (11th Cir.1991).

Further, the federal Declaratory Judgment Act, 28 U.S.C. § 2201, which is the basis for one form of relief sought by the plaintiff, requires an "actual controversy" to invoke federal court jurisdiction. "The test to be applied, of course, is the familiar one stated in *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 [61 S.Ct. 510, 512, 85 L.Ed. 826] (1941): 'Basically, the question in each case is whether ... there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972).

■ A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop. *Wendy's International,*

*Inc. v. City of Birmingham,* 868 F.2d 433, 435 (11th Cir.1989).

Defendants argue that this case involves merely the possibility of a factual situation that may never develop, because the Attorney General may never present the case to a grand jury and an indictment may never be returned. While that is true, as far as it goes, it overlooks the controversy over what has already happened.

The State Ethics Commission, a creature of the State Ethics Law, has reported a finding of probable cause of violation of the law by the Governor and has forwarded the matter to the Attorney General for his review and appropriate legal action. Even though the Attorney General may decline to seek an indictment, one of the things the Governor seeks to challenge in this suit is the application of the ethics law to him by the Commission under the facts of the case. If, as the Governor contends, the ethics law cannot be applied to him constitutionally, the Commission is wrong in suggesting to the Attorney General that it should be so applied. Also, the Governor contends that the Commission has been arbitrary and discriminatory in the manner in which it has applied the law to him.

The court is of the opinion that this is a concrete case presenting an actual controversy at this time, regardless of what may happen in the future. Accordingly, the constitutional aspect of justiciability, and the test for availability of declaratory relief, has been met.

■ Defendants then argue that the court should abstain from considering the case for prudential reasons, that it is not appropriate for the case to be litigated in a federal court by the parties at this time. It is argued that the case is not "ripe" for judicial review, because no indictment has been returned. This argument requires an analysis of the *Younger* abstention doctrine.

In 1971, the Supreme Court of the United States in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), held

that if there is a state criminal prosecution existing at the time a federal suit is filed challenging the constitutionality of a state statute, the principle of federalism prevents the federal court from intervening by way of either injunction or declaratory judgment, save under exceptional and extremely limited circumstances. Thus, if an indictment had been returned against the Governor, the court would be faced with this prohibition to action. *Younger* reserved, however, the question of a federal court being asked to give injunctive or declaratory relief from *future* state prosecutions. That is the issue presented here.

The question of availability of declaratory relief as to future prosecution was addressed by the Supreme Court in *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). The Court quoted from its earlier decision in *Perez v. Ledesma,* 401 U.S. 82, 104, 91 S.Ct. 674, 686, 27 L.Ed.2d 701 (1971): "[W]hen no state prosecution is pending and the only question is whether declaratory relief is appropriate ... the congressional scheme that makes the federal courts the primary guardians of constitutional rights, and the express congressional authorization of declaratory relief, afforded because it is a less harsh and abrasive remedy than the injunction, become the factors of primary significance." [4] The Court further pointed out that it had held in *Douglas v. City of Jeannette,* 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943), that "a federal district court has the duty to decide the appropriateness and the merits of the declaratory request irrespective of its conclusion as to the propriety of the issuance of the injunction," [5] and went on to say:

We therefore hold that, regardless of whether injunctive relief may be appropriate, federal declaratory relief is not precluded when no state prosecution is pending and a federal plaintiff demonstrates a genuine threat of enforcement of a disputed state criminal statute, whether an attack is made on the consti-

---

4. 415 U.S. at 463, 94 S.Ct. at 1218.

5. At 468, 94 S.Ct. at 1220.

tutionality of the statute on its face or as applied.[6]

Closing the triangle, the Supreme Court then held in *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975), that issuance of a preliminary injunction of future criminal prosecution is not barred by *Younger*. The Court held that in the absence of an on-going state criminal proceeding, as was recognized in *Steffel*, "a plaintiff may challenge the constitutionality of the state statute in federal court, assuming he can satisfy the requirements for federal jurisdiction." Although the issuance of a preliminary injunction was affirmed in *Doran* based upon unchallenged allegations that absent preliminary relief a substantial loss of business and perhaps even bankruptcy would result, the court characterized the standard to be applied by the district court in deciding whether a plaintiff is entitled to a preliminary injunction as "stringent" and said:

> Although only temporary, the injunction does prohibit state and local enforcement activities against the federal plaintiff pending final resolution of his case in the federal court. Such a result seriously impairs the state's interest in enforcing its criminal laws, and implicates the concerns for federalism which lie at the heart of *Younger*.

Thus, if an indictment had been returned before this suit was filed, the court would be without authority to grant any relief, even declaratory relief, absent the most exceptional and extremely limited circumstances. If an indictment were required to make a case ripe for adjudication, a plaintiff might never be able to make a constitutional challenge such as is asserted here, since he would then be faced with the jurisdictional requirements of *Younger*. Since, however, there is no existing criminal proceeding, the plaintiff is entitled to seek a declaratory judgment under *Steffel* and an injunction under *Doran*, if he satisfies the "justiciable controversy" requirement for federal jurisdiction.

As noted previously, an actual justiciable controversy is established in this case by the action taken by the State Ethics Commission. Accordingly, there is jurisdiction to entertain this action and defendants' motion to dismiss on the grounds of lack of a federal question and a justiciable controversy is due to be DENIED.

## FAILURE TO STATE A CLAIM

■ Defendants have moved to dismiss each of the plaintiff's four counts on the ground that it fails to state a claim for which relief can be granted.

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must take the allegations of the complaint, or count, as true. Doing that, the court may dismiss only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Powell v. U.S.*, 945 F.2d 374 (11th Cir.1991); *Tiftarea Shopper, Inc. v. Georgia Shopper, Inc.*, 786 F.2d 1115 (11th Cir.1986).

Dismissal of a claim in this initial stage of a proceeding is not favored in federal courts and should be granted only sparingly. *Dann v. Studebaker–Packard Corp.*, 288 F.2d 201 (6th Cir.1961). Reasons for this include possible waste of time in case of reversal of a dismissal, the basic precept that the primary objective of the law is to obtain a determination of the merits of any claim, and that a case should be tried on the proofs rather than the pleadings. *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208 (9th Cir.1957). In considering this motion, the court must accept as true such allegations of the complaint as that by administrative construction members of the judicial branch of government are not treated as "public officials" within the meaning of the State Ethics Law, while the Commission does seek to so treat the Governor; that actions of the Commission, a creature of the legislative branch, could victimize and cloud the essential functions of state government and interfere impermissibly with the functions of the executive

---

**6.** At 475, 94 S.Ct. at 1223–24.

branch; that the law is being applied to Governor Hunt in a different manner from the way it had been applied to other governors; that the law is being interpreted and applied in a manner contrary to previous opinions and in an arbitrary, invidious and discriminatory manner; and that the defendants' actions are an abridgment of the plaintiff's right to freedom of religion. The complaint also appears to challenge the constitutionality of the statute on the basis of vagueness and uncertainty.

While many of the allegations of the complaint may be denied by the defendants in an answer filed by them, and while the plaintiff may well be unable to prove a violation of his rights under the U.S. Constitution, the court is unwilling to say at this early stage that there is *no possibility* that *any* facts could be proved which would authorize relief. The court prefers to allow the action to go forward so that the issues raised may be decided on the basis of proof, or the lack of proof, at a trial on the merits or, if appropriate, on motions for summary judgment. Therefore, the motion to dismiss for failure to state a claim is due to be DENIED at this time.

### PRELIMINARY INJUNCTION

■ Governor Hunt has asked the court to issue a preliminary injunction, enjoining any prosecution of him for the alleged violation of the State Ethics Law by using state aircraft to travel to speak at religious services where he received honoraria or offerings, pending a final hearing in this case.

In order to obtain a preliminary injunction, a plaintiff must satisfy four prerequisites. The plaintiff must show:

1. A substantial likelihood that he will ultimately prevail on the merits of the claim;

2. That he will suffer irreparable injury unless the injunction issues;

3. That the threatened harm to the plaintiff outweighs whatever damage the proposed injunction may cause the opposing party; and

4. That the injunction, if issued, would not be adverse to the public interest. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir.1983). The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant "clearly carries the burden of persuasion" as to the four prerequisites. *Canal Authority of Florida v. Callaway*, 489 F.2d 567 (5th Cir.1974).

This court cannot find on the basis of what has been presented that Governor Hunt will suffer irreparable injury if a preliminary injunction is not issued.

This is not a case where it is shown that the plaintiff will be irreparably injured by refraining from actions in the future while his case is pending. The injury which the plaintiff alleges would be irreparable is the possible prosecution for past acts.

Merely because the State Ethics Commission has stated its opinion that there is probable cause to believe that the Governor's use of state aircraft for travel to speak at religious services where he received honoraria or offerings was a violation of the Alabama Ethics Law and has forwarded the investigation and case file to the Attorney General for his review and appropriate legal action, the court cannot assume that the Attorney General will present a case against Governor Hunt to a grand jury. The Attorney General is an elected constitutional officer of the State of Alabama. He has a responsibility to make an independent judgment and not to merely rubber stamp the Commission's finding. He may well be persuaded that the matter should not be presented to a grand jury because there was no violation of the Ethics Law, or that there was no intentional violation of the Ethics Law, or that there was no personal gain since the honoraria or offerings received were eventually paid over to the state and the initial acceptance of them was required by fundamental tenents and practices of the Governor's religious denomination, or that the Commission is applying the State Ethics Law arbitrarily against Governor Hunt because of past rulings and that the Commission's interpretation should be applied prospective-

ly, or that in view of all of the facts involved, it would be in the public interest for the Commission's interpretation to be applied in the future only rather than disrupt the functioning of state government by seeking prosecution of the Governor under the circumstances presented. There could be many other legal or public policy reasons that could cause the Attorney General not to seek an indictment by a grand jury, and the making of decisions such as this is one of the responsibilities for which the Attorney General was elected by the people of Alabama.

Neither can the court assume that, if the matter is presented by the Attorney General to a grand jury, a grand jury would return an indictment. A grand jury is an independent body and would be perfectly capable of refusing to indict.

■ Even if an indictment were, in fact, imminent, this would not be a sufficient showing of irreparable injury. It has generally been held "in those cases where injunctive relief has been sought to restrain an imminent, but not yet pending, prosecution *for past conduct,* sufficient injury has not been found to warrant injunctive relief, *see Beal v. Missouri Pacific R. Co.,* 312 U.S. 45 [61 S.Ct. 418, 85 L.Ed. 577] (1941); *Spielman Motor Sales Co. v. Dodge,* 295 U.S. 89 [55 S.Ct. 678, 79 L.Ed. 1322] (1935); *Fenner v. Boykin,* 271 U.S. 240 [46 S.Ct. 492, 70 L.Ed. 927] (1926)." *Steffel v. Thompson,* 415 U.S. at 463, 94 S.Ct. at 1218.

Under our country's system of federalism, state courts, as well as federal courts, are charged with interpreting and enforcing the constitution of the United States. Constitutional challenges to state statutes, or to the application of state statutes, may be raised and adjudicated in state courts if the necessity arises. Therefore, it cannot be said that prosecution for a past act would cause an irreparable injury.

While, as stated previously, Governor Hunt clearly has a right to seek a declaratory judgment in federal court as he has done, this court would be extremely reluctant to inject itself into the operation of the state criminal justice system by enjoining a potential criminal prosecution, and would do so only upon a strong showing that irreparable injury would otherwise be caused. No such showing has been made to the satisfaction of the court.

Furthermore, although the allegations of the complaint have been held sufficient to withstand a motion to dismiss at this early stage of the proceedings, on the basis of the allegations of the complaint the court is unable to find that there is sufficient likelihood of success on the merits of this constitutional challenge to justify enjoining the Attorney General from performing his duties, which performance may or may not result in a prosecution.

Accordingly, it is ORDERED as follows:

1. The defendants' motion to dismiss is hereby DENIED.

2. The plaintiff's motion for preliminary injunction is hereby DENIED.

3. The defendants shall file their answers to the complaint within ten (10) days from the date of this order.