**In re Robert HALEY, Dawn Haley, Debtors.**

**Robert Haley, Plaintiff,**

**v.**

**Gorell Windows & Doors, LLC, a Pennsylvania limited liability company, Defendant.**

Bankruptcy No. 9:08–bk–20621–ALP.
Adversary No. 9:09–ap–00103–ALP.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

June 12, 2009.

Carmen Dellutri, David W. Fineman, The Dellutri Law Group, P.A., Fort Myers, FL, for Plaintiff.

Jill Locnikar Bradley, Cohen & Grigsby PC, Pittsburgh, PA, for Defendant.

### ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

(Doc. No. 6)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in the above-captioned Chapter 7 case of Robert and Dawn Haley (the Debtors) is a Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. No. 6) filed by Gorell Windows & Doors, LLC, (Defendant). The Complaint filed by Robert Haley (Plaintiff) is an attempt by counsel for the Debtors, Carmen Dellutri, Esquire, to assert viable claims under several different theories against the named Defendant in the above-captioned adversary proceeding.

The Complaint sets forth five (5) distinct claims. Each claim is based on a single act by Gorell and they are as follows:

First Claim: Alleges a Violation of Federal District Court and Bankruptcy Court Orders and Policy: Failure to redact nonpublic information;

Second Claim: Alleges a Violation of Federal Rule of Bankruptcy Procedure 9037; Failure to redact nonpublic information;

Third Claim: Alleges Invasion of privacy;

Fourth Claim: Alleges Negligence; and

Fifth Claim: Alleges Objection to the Claim.

In the factual allegations in his Complaint, the Plaintiff states that the Plaintiff holds an account with Gorell and that the account is primarily for the purchase of household and/or consumer use. *See* Paragraph 9 of the Complaint. The Plaintiff further alleges that Gorell filed a Proof

of Claim in the Debtor's Chapter 13 case, Claim No. 13. Gorell's claim is listed as an unsecured debt owed by the Plaintiff in the amount of $90,399.00. Furthermore, attached to Gorell's Proof of Claim are exhibits, the third page of which is a document entitled Credit Application. The fourth page of the exhibit attached to the Proof of Claim disclosed the Debtor's Social Security number without redaction.

According to the Plaintiff, the Electronic Case Filing (ECF) Proof of Claim is a public document that is available to anyone who wishes to view the document via the Public Access to the Court Electronic Records System. (PACER System). As a result, the documents attached to the Proof of Claim filed by Gorell contained sufficient personal and private information which would enable an identity thief to hijack the Plaintiff's identity and ruin the personal life of the Plaintiff. Thereby, the Plaintiff alleges that he has been exposed to an increased risk of identity theft and, in order to protect his identity, the Plaintiff will be required to retain a credit monitoring service for the rest of his natural life at the cost of $25.00 per month.

Before discussing the viability of the claims asserted in the Complaint, certain matters should be noted.

First, as mentioned earlier, the Plaintiff contends in Paragraph 9 of the Complaint that the Plaintiff had an account with Gorell representing charges incurred by the Plaintiff for the purchase of goods used primarily for household and/or consumer use. This statement is incorrect and is not supported by the record. The exhibit attached to the Proof of Claim No. 13 filed by Gorell leaves no doubt that the account was maintained by Cornerstone Replacement Windows, Inc., a corporation owned and controlled by the Plaintiff (Cornerstone). Also, the Credit Application identifies that it was Cornerstone and not the Plaintiff that applied for a line of credit from Gorell. Moreover, the last page attached to the claim leaves no doubt that the Plaintiff was only the guarantor of the debt incurred by Cornerstone.

Second, in Paragraph 20 of the Complaint, the Plaintiff alleges that Gorell's failure to redact the Plaintiff's personal data necessitated the Plaintiff's counsel to take action to protect the Plaintiff's privacy by filling a motion to redact the personal data from the Proof of Claim costing the attorney, the Court, and the Clerk time and expense in correcting the violation. This allegation by the Plaintiff is not supported by the record. The record only reveals that on May 6, 2009, the Debtors' filed their Emergency Motion to Restrict Public Access to the Proof of Claim No. 13 of Creditor Gorell Windows & Doors, LLC (Emergency Motion)(Doc. No.5). The record reveals that on May 13, 2009, this Court, without hearing, denied the Emergency Motion because it was not filed pursuant to the rules and it also directed counsel to file a motion to redact in order to obtain the relief requested, if so inclined (Doc. No. 52). With the exceptions of the above, the operating and controlling facts are without dispute and as are follows:

The Motion under consideration filed by Gorell challenges the Plaintiff's Complaint based on Fed.R.Civ.P. 12(b)(6) as adopted by Fed.R.Bankr.P. 7012(b)(6), which provides that "failure to state a claim upon which relief can be granted" is grounds for dismissal.

The Supreme Court, in the case of *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), considered the scope of this rule and held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41,

45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Over the years various courts have reviewed the language of *Conley* and have held that "[t]he 'no set of facts' language … is best forgotten as an incomplete, negative gloss on an acceptable pleading standard …" as there must be some grounds on which the claim rests. *Bell Atlantic Corp. et al. v. Twombly*, 550 U.S. 544, 546, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Ashcroft v. Iqbal*, — U.S. —, —, 129 S.Ct. 1937, 1939, 173 L.Ed.2d 868 (2009); *Weissman v. National Ass'n of Securities Dealers, Inc.*, 500 F.3d 1293, 1303 (C.A.11 (Fla.) 2007); *Watts v. Florida Intern. University*, 495 F.3d 1289, 1295 (C.A.11 (Fla.) 2007).

■ "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.* at 546, 127 S.Ct. 1955. It must "contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp.* at 546, 127 S.Ct. 1955.

■ In the First Claim of the Complaint, the Plaintiff asserts that Gorell, by filing the nonpublic information, intentionally communicated to others and made available to the general public personal and private data of the Debtor in direct violation of the Uniform Local Rules of the United States District Court for the Middle District of Florida enacted by the Standard Operating Procedure Governing Protection of Personal and Sensitive Information and Public Access to Court Files in Accordance with The E–Government Act of 2002, 44 U.S.C. §§ 3500, et. seq.

The Plaintiff asserts that by filing the nonpublic information of the Plaintiff, Gorell has violated the "Court Policy and Local Rule according to the Judicial Conference" putting the Plaintiff at risk and causing damage by making publicly available the Plaintiff's personal information. Furthermore, according to the Plaintiff, this Court pursuant to "… 11 U.S.C. § 105 has the inherent ability to enforce the Courts orders, rules and to prevent an abuse of process." *See* Paragraph 32 and 33 of Complaint.

■ It needs no elaborate discussion to point out the obvious that Section 105 of the Bankruptcy Code is not a source of independent power that creates a claim that can be enforced. Section 105 is only designed to assist the court to enter such orders or judgments that are necessary or appropriate to carry out the provisions of 11 U.S.C. Title 11–Bankruptcy. It is evident from the foregoing, that the Plaintiff's reliance on Section 105 to assert a claim for which relief can be granted is not established as a matter of law and, therefore, the First Claim of the Complaint is not well taken and should be dismissed.

■■ In the Second Claim of his Complaint, the Plaintiff asserts that by filing the nonpublic information of the Plaintiff, Gorell violated Fed.R.Bankr.P. 9037 and Fed.R.Civ.P 5.2. The Plaintiff further states that Fed.R.Bankr.P. 9037 and Fed. R.Civ.P 5.2 were enacted to strengthen the local rules and policies of the district. There is no question that social security numbers, among others, must be redacted unless the court orders otherwise. Based on this violation, the Plaintiff again asserts that he has a viable claim pursuant to 11 U.S.C. § 105 and that this "Court has the inherent ability to enforce the Courts orders, rules, and to prevent an abuse of process." *See* Paragraph 38 of Complaint. The comments of the Plaintiff concerning the power of this Court under Section 105 are equally applicable to this Claim and this Claim is not established as a matter of law. Therefore, the Defendant's Motion to

Dismiss the Second Claim of the Complaint is well taken and should be granted.

In the Third Claim of the Complaint, the Plaintiff charges Gorell with invasion of privacy pursuant to the Restatement (Second) of Torts § 652D. The Plaintiff cites some cases in support of his position; however the cases cited apply only in circumstances of minor children and victims of sexual offenses. The right to recover on this Claim has been dealt with in the case of *Cape Publications, Inc. v. Hitchner*, 549 So.2d 1374 (Fla.1989). The *Cape* court adopted the Restatement (Second) of Torts § 652D, which covers public disclosure of private facts. Under this Rule, the tort of invasion of privacy means to give private information out "... if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." *Id.* at 1377. This standard is conjunctive rather than disjunctive thus, in order to establish a viable claim pursuant to § 652D of Restatement (Second) of Torts, the party bringing such action must meet both of the requirements set forth above. In the present instance, it is clear that the information disclosed in the Proof of Claim filed by Gorell is not deemed to be highly offensive to a reasonable person and, therefore, does not meet the first prong of the rule laid out in Cape, regardless of the fact that the information may be of legitimate concern to the public. Therefore, under the present circumstances, the Claim as pled does not meet the requirements for a viable claim based on invasion of privacy and, thus, the Motion to Dismiss with respect to this Claim pursuant to Fed. R.Civ.P. 12(b)(6) as adopted by Fed.R.Bankr.P. 7012(b)(6), should be granted.

In the Fourth Claim, the Plaintiff seeks damages based on the alleged negligence of Gorell in filing its Proof of Claim with the attachments containing the Plaintiff's entire Social Security number. To establish a viable claim based on negligence, the Plaintiff must plead the existence of a duty flowing from Gorell to himself. The Plaintiff must prove that a duty existed, the duty was breached and, as a result of the breach, the Plaintiff suffered compensatory damages. Assuming without conceding that there was, in fact, a duty of care imposed on Gorell, it is clear from this record that the Plaintiff has not pled sufficient specificity as to damages which pass the stage of speculative. Based on the foregoing, this Court is satisfied that the claim asserted by the Plaintiff in the Fourth Claim is equally defective and, therefore, subject to dismissal.

In the Fifth Claim, the Plaintiff asserts the following: (1) that the creditor intentionally revealed the Debtor's private and sensitive data and nonpublic information in violation of the Local Rules of this Court and Fed.R.Bankr.P. 9037; (2) that the Court should direct the "Chapter 13 Trustee" to strike the claim and the creditor be precluded from filing any amended, modified or substitute claim in this case and the underlying debt be canceled and forever discharged whether or not the debtor receives a Discharge Order in this case; (3) that the creditor should be sanctioned for the intentional revelation of the Debtor's private data and sensitive information and the Debtor be awarded attorney fees and expenses for filing the objection; and (4) that the Court should order the claim number disabled within the PACER system or the claim removed so that it is inaccessible to any further members of the general public.

There are several flaws in this Claim for the following reasons. First, this is a Chapter 7 case and this Court has no jurisdiction to order a Chapter 13 Trustee to do anything in a Chapter 7 case.

Even if the request had been directed to the Chapter 7 Trustee, the request as proposed by the Plaintiff would be improper because the Chapter 7 Trustee has no duty, obligation and/or power to remove a proof of claim which was properly filed by a creditor.

■■■■ Secondly, in Paragraph 54 of the Complaint the Plaintiff seeks an injunction precluding Gorell from filing any amended, modified or substitute claim. In order to obtain an injunction against future conduct, a party must demonstrate a "real and immediate threat" of future injury accompanied by "continuing, present adverse effects." *Elend v. Basham*, 471 F.3d 1199, 1207–08 (11th Cir.2006); *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir.2004) quoting *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1241 (11th Cir.2003). Without "continuing, present adverse effects," the injury remains "wholly inchoate," and the "injury" requirement of standing is not satisfied. *Elend*, 471 F.3d at 1207, 1209; *see, e.g., Bellefonte Reins. Co. v. Aetna Cas. and Sur. Co.*, 590 F.Supp. 187 (S.D.N.Y.1984). No justiciable controversy exists when the claim is based upon the possibility of a factual situation that may never develop. *See, e.g., Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28–29 (5th Cir. 1989); *Hunt v. Anderson*, 794 F.Supp. 1551 (M.D.Ala.1991).

Therefore, based on the foregoing, this Court is satisfied that the Plaintiff has failed to plead an indispensable element required for the right to an injunction.

The Plaintiff also seeks declaratory relief that the debt be cancelled and forever discharged whether or not the Debtors receive a discharge. This is indeed an attempt to disallow a properly filed claim. In addition, the Debtor seeks a declaration determining that the claim of Gorell should be discharged and unenforceable. Section 502 of the Code specifically sets forth the bases for disallowing a claim in Bankruptcy. There is nothing alleged in the Complaint of any of the exceptions noted in Section 502. Therefore, the relief sought is baseless and cannot be allowed.

In addition, the declaratory relief sought that the claim be cancelled and forever discharged should be determined pursuant to Section 523 which deals with exceptions to discharge and should be presented to this Court in the form of an adversary proceeding, pursuant to Fed.R.Bankr.P. 7001(6). This Court is satisfied that the Plaintiff's request for declaratory relief fails to meet the requirements necessary to substantiate the Claim and, therefore, the Claim as filed should be dismissed.

Regarding the Debtor's request that the claim number be disabled within the PACER system or removed so that it is inaccessible to any further members of the general public, it should be noted that a review of this record reveals that Gorell did remove the offending document and it is no longer available to anyone on the PACER system. Therefore, the relief sought is moot.

■■■ Finally, there is no order that has been entered in this case which has been willfully violated by Gorell. None of the alleged violations of the sections or rules cited in the Complaint form a basis to find civil contempt against the Defendant. Therefore, the prayer for relief to find civil contempt should be denied.

In sum, based on the foregoing, this Court is satisfied that none of the Plaintiff's Claims asserted in his five-Count Complaint state grounds for which relief can be granted and, therefore, the Defendant's Motion to Dismiss should be granted, the Complaint dismissed and the above-captioned adversary proceeding closed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. No. 6) be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that the Complaint as filed, be and the same is hereby, dismissed. It is further

ORDERED, ADJUDGED AND DE-CREED that the above-captioned adversary proceeding be, and the same is hereby, closed.