Frances BALLARD; Betty Stimpson, Plaintiffs-Appellants,

v.

Hugh STANTON, Jr., et al., Defendants-Appellees.

No. 87–6180.

United States Court of Appeals, Sixth Circuit.

Nov. 5, 1987.

Lillian E. Dykes, Memphis, Tenn., for plaintiffs-appellants.

Don Strother, Thomas Henderson, Shelby County Dist. Atty., James V. Ball, Memphis, Tenn., for defendants-appellees.

Before ENGEL, KRUPANSKY and RYAN, Circuit Judges.

KRUPANSKY, Circuit Judge.

Plaintiffs-appellants, Frances Ballard (Ballard) and Betty Stimpston (Stimpson) (collectively "plaintiffs"), have appealed from the District Court's dismissal of their complaint seeking a temporary restraining order and both preliminary and permanent injunctive relief enjoining their state criminal prosecutions on charges that they had sexually abused youngsters attending the Georgian Hills Early Childhood Education Center. The District Court, in an order dated October 26, 1987, denied the motion for a temporary restraining order, and dismissed the complaint in its entirety. Plaintiffs immediately appealed the dismissal of their complaint to this court, and simulta-

neously moved this court to stay Ballard's criminal trial, which had commenced on October 26, 1987. Due to the emergency nature of this matter, plaintiffs initially presented their request to Judge Wellford as a single judge motion. Judge Wellford denied the motion and the matter was referred to this three judge panel for consideration. The only issue presently before this panel is plaintiff's emergency motion to stay Ballard's state criminal trial.

Initially, this court notes that Stimpson lacks standing to pursue the issue presently before this panel, i.e., the motion for an emergency stay of Ballard's state court criminal trial. *Linda R.S. v. Richard D.*, 410 U.S. 614, 617–18, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973) ("[A]ppellant has failed to allege a sufficient nexus between her injury and the government action which she attacks to justify judicial intervention.... 'The party who invokes [judicial] power must be able to show ... that he has sustained or is immediately in danger of sustaining some *direct* injury *as the result of* [a statute's] enforcement.'" (quoting *Massachusetts v. Mellon*, 262 U.S. 447, 488, 43 S.Ct. 597, 601, 67 L.Ed.2d 1078 (1923)) (emphasis added); *cf. Younger v. Harris*, 401 U.S. 37, 41–42, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971). This panel does not address the question of Stimpson's ability to challenge on appeal the District Court's dismissal of the complaint requesting an injunction against criminal proceedings in which she is a defendant.

In determining whether a federal court should enjoin a pending state criminal prosecution, this court must determine whether Ballard has "an adequate opportunity ... to raise the constitutional claims in the state proceeding; and ... whether there are extraordinary circumstances which nevertheless warrant federal federal intervention." *Zalman v. Armstrong*, 802 F.2d 199, 202 (6th Cir.1986). These factors must be applied so as to protect against undue interference by federal courts in the conduct of state judicial proceedings. *Id.* at 202, 204; *accord Younger v. Harris*, 401 U.S. 37, 43, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971).

In her petition, Ballard has argued that there are extraordinary circumstances which warrant this court to grant an emergency stay of the state criminal proceedings, alleging that this criminal action was brought in bad faith on the part of the defendants, in an attempt to harass plaintiffs. *See, e.g., Mitchum v. Foster*, 407 U.S. 225, 230, 92 S.Ct. 2151, 2156, 32 L.Ed.2d 705 (1972); *Younger v. Harris*, 401 U.S. 37, 49, 91 S.Ct. 746, 753, 27 L.Ed. 2d 669; *Zalman*, 802 F.2d at 201, 205. The actions alleged to constitute evidence of bad faith on the part of the defendants in the instant appeal can all properly be challenged, either by motion to the trial court, or later on appeal to the state appellate courts. As such, Ballard "plainly ha[s] an adequate opportunity to have [her] constitutional defenses heard and determined during the course of the state court proceedings." *Zalman*, 802 F.2d at 205. Where there exists the possibility of raising and correcting constitutional claims in state courts, the principles of federalism and comity expressed in *Younger* require that a criminal defendant must first "exhaust his state appellate remedies before seeking relief in the District Court." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608, 95 S.Ct. 1200, 1210, 43 L.Ed.2d 482 (1975), *quoted with approval in Wooley v. Maynard*, 430 U.S. 705, 710, 97 S.Ct. 1428, 1433, 51 L.Ed.2d 752 (1977), and *Zalman*, 802 F.2d at 205 n. 7.

The Supreme Court has repeatedly indicated that before a federal court will enjoin an on-going state criminal proceeding, a criminal defendant must first demonstrate that "great and immediate" irreparable harm would occur absent federal intervention. *Younger*, 401 U.S. at 46, 91 S.Ct. at 751 ("[I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient *unless it is 'both great and immediate.'"*) (emphasis added); *accord Ohio Civil Rights Comm'n v. Dayton Christian Schools*, 477 U.S. 619, ——, 106 S.Ct. 2718, 2723, 91 L.Ed.2d 512 (1986) ("[A] federal court should not enjoin a pending state criminal proceeding except in the very unusual situation that an injunc-

tion is *necessary to prevent great and immediate irreparable injury.*") (emphasis added). In the instant case, Ballard will have an adequate opportunity to challenge and correct any constitutional violations in the first instance before state courts; plaintiff therefore fails to demonstrate that any "great and immediate irreparable injury" will occur if this court denies the request for an emergency stay of proceedings.

Accordingly, the motion for an emergency stay of the state court criminal proceedings against Ballard is hereby denied.