848 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Betty STIMPSON and Frances Ballard, Plaintiffs-Appellants,
v.
Hugh STANTON, Jr., Shelby County District Attorney General;
Shelby County District Attorney General's Office; Judge
H.T. Lockard, Judge of the Shelby County Criminal Court,
Div. IV; and Criminal Court of Shelby County, Defendants-Appellees.
 No. 87-6180.
 United States Court of Appeals, Sixth Circuit.
 June 7, 1988.
 
 Before KEITH and WELLFORD, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant, Betty Stimpson, appeals from the order of the district court dismissing her action for temporary and permanent injunctive relief enjoining her state criminal prosecution on charges that she sexually abused children attending the Georgian Hills Early Childhood Education Center. For the following reasons, we AFFIRM.
 
 
 2
 Stimpson filed her complaint on October 23, 1987, seeking temporary and permanent injunctive relief, both to enjoin her own prosecution and to obtain a temporary restraining order to enjoin the trial of a co-defendant, Frances Ballard, which was scheduled to commence on October 26, 1987. Prior to the filing of her complaint, on April 21, 1987, Stimpson was brought to trial on three counts of the indictments returned against her. On the fifth day of trial, the prosecution moved to dismiss the indictment due to discrepancies in the testimony elicited to that point. Several other indictments remain pending against Stimpson; however, no trial date has been set on any of the outstanding charges.
 
 
 3
 On October 26, Frances Ballard filed a petition to join Stimpson's action as a plaintiff. For purposes of its ruling that day, the district court considered that motion to have been granted, and both Stimpson and Ballard moved for a TRO to enjoin Ballard's trial. The district court, in its order, denied the motion for a TRO and dismissed the complaint. This order is the subject of the present appeal. In addition, Stimpson and Ballard moved this court for the extraordinary relief of a stay of Ballard's trial. That motion was denied as a single judge motion, and was denied by a panel of this court. Ballard v. Stanton, 833 F.2d 593 (6th Cir.1987). Ballard's trial went forward, and resulted in a conviction on one of the sixteen charges brought against her.
 
 
 4
 The district court relied on Younger v. Harris, 401 U.S. 37 (1971), in dismissing plaintiff's complaint. "Younger v. Harris counsels a federal court against interfering with currently pending state criminal proceedings absent a showing of extraordinary circumstances. Underlying this rule are considerations of equity, comity, and federalism." Zalman v. Armstrong, 802 F.2d 199, 201 (6th Cir.1986). We agree that the principles enunciated in Younger preclude the exercise of our power to enjoin the state proceedings in this matter.
 
 
 5
 In determining whether Younger abstention is applicable to a particular case, a federal court should consider (1) whether a state proceeding is pending at the time the federal action is initiated; (2) whether there is an adequate opportunity to raise the federal constitutional claims in the state court proceeding; and (3) whether there are extraordinary circumstances which nevertheless warrant federal intervention. Zalman, 802 F.2d at 202. We note, however, that these considerations should not be applied mechanically, but instead should be used by a court which is mindful of "the concerns which animate [the Younger ] rule." Zalman, 802 F.2d at 202.
 
 
 6
 Stimpson makes a number of allegations of bad faith and harassment on the part of the prosecution, including the decision of the prosecution to bring these charges against her in multiple indictments, and argues that these acts constitute great and immediate irreparable injury within the "extraordinary circumstances" exception recognized in Younger, 401 U.S. at 49 ("There is no suggestion that this single prosecution against Harris is brought in bad faith or is only one of a series of repeated prosecutions to which he will be subjected."). Admittedly, these allegations, if true, are serious and disturbing, although we note that defendants were not called upon to respond to these charges in the district court. However, these alleged actions may be challenged by motion to the state trial court. If unsuccessful, an interlocutory appeal to the Court of Criminal Appeals may be attempted, within the discretion of the trial and appellate courts. Tenn.R.App.P. 9.[1]
 
 
 7
 As for the delay in commencing prosecution on the outstanding indictments, this delay may be challenged by a motion for a speedy trial. If denied, an appeal of that order may be attempted. Stimpson maintains that these issues of bad faith prosecution and delay have been raised in the trial court. However, there is no indication in the record that any appeal was attempted from any adverse rulings.[2] Thus, "there [still] exists the possibility of raising and correcting [Stimpson's] constitutional claims in state courts," Ballard v. Stanton, 833 F.2d at 594, and federal intervention into the state court proceeding is unwarranted at this juncture.
 
 
 8
 Accordingly, for the foregoing reasons, the judgment is AFFIRMED.
 
 
 
 [1]
 Interestingly, one of the factors cited by Tenn.R.App.P. 9 as indicative of the character of the reasons to grant permission for an interlocutory appeal is the need to prevent irreparable injury
 
 
 [2]
 Indeed, the record before us does not contain any actual motions concerning bad faith prosecution or delay. It also does not appear that any such documents were presented to the district court. Rather, the district court relied on representations at the hearing before it that the defense of bad faith had been raised, and that the trial court had denied any relief