870 F.2d 658
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David B. STEWART, on behalf of himself and others similarly
situated, Plaintiff-Appellant,
v.
The CITY OF ROGERSVILLE, Tennessee, Elwood Hurd, Chief of
Police, Jim Sells, Mayor, and Blaine Jones, Elizabeth Smith,
Bennie D. Floyd, Reid Terry, Guy M. Trent, Virginia Klepper,
Members of the City Council, Defendants-Appellees.
 No. 88-5875.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1989.
 
 Before BOYCE F. MARTIN, Jr., and RYAN, Circuit Judges, and JOHN W. POTTER,* District Judge.
 PER CURIAM.
 
 
 1
 David B. Stewart appeals from an order of the district court dismissing his action brought pursuant to 42 U.S.C. Sec. 1983.
 
 
 2
 On May 12, 1988, Stewart and several friends were in the parking lot of a shopping center located in Rogersville, Tennessee. Stewart and his companions had purchased beverages from Charlie's BBQ, a restaurant located in the shopping center. While they were standing in the parking lot talking, a police officer from the Rogersville Police Department drove by in his patrol car. The police officer told Stewart and his friends to disassemble. Stewart's friends left the premises but Stewart himself remained. After the police officer again asked Stewart to "move on" and Stewart refused, the officer issued Stewart a citation for loitering. The charge against Stewart was subsequently amended to a charge of criminal trespass. Stewart was bound over to the Hawkins County grand jury on June 17, 1988.
 
 
 3
 On May 18, 1988, Stewart initiated this section 1983 action against the City of Rogersville and several individuals, including the officer who issued the loitering citation, the city's mayor, chief of police, and the members of the city council. In this action Stewart claimed to represent a number of individuals who had also received citations for loitering or trespassing from the Rogersville police. An amended complaint was filed on May 27, 1988. On June 30, 1988, Stewart filed a motion for a preliminary injunction against the City of Rogersville, enjoining it from any further legal or criminal proceedings against him.
 
 
 4
 The district court dismissed Stewart's complaint sua sponte on July 1, 1988 and again on July 15, 1988, following Stewart's motion to reconsider. The court found that it was required to abstain from enjoining the state criminal proceedings against Stewart because of the principles articulated by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971). In Younger the Supreme Court held that federal courts may not enjoin pending state criminal proceedings prior to the institution of a federal suit "except under extraordinary circumstances where the danger of irreparable loss is both great and immediate." Younger, 401 U.S. at 45, quoting Fenner v. Boykin, 271 U.S. 240, 243 (1926). As the district court noted, this is also the approach of the Sixth Circuit. See Ballard v. Stanton, 833 F.2d 593 (6th Cir.1987).
 
 
 5
 In this case, however, we have no pending state criminal proceeding. Stewart challenges the constitutionality of Rogersville's loitering ordinance. The city loitering citation was pending in the municipal court and was subsequently dismissed. Admittedly, Stewart filed his claim within an extremely short period of time and offered little to substantiate his alleged personal injury. This circuit, however, has steadfastly discouraged the summary dismissal of claims filed under section 1983. As we stated in Nishiyama v. Dickson County, Tennessee, 814 F.2d 277, 279 (6th Cir.1987) ...
 
 
 6
 In order to sustain a claim under section 1983, the plaintiffs must satisfy the following requirements: 1) the conduct at issue must have been under color of state law; 2) the conduct must have caused a deprivation of constitutional rights; and 3) the deprivation must have occurred without due process of law.
 
 
 7
 Clearly Stewart met these requirements. What proof he may subsequently establish is certainly not before us at this time.
 
 
 8
 The judgment of the district court is reversed and plaintiff's complaint is reinstated.
 
 
 
 *
 The Honorable John W. Potter, United States District Judge for the Northern District of Ohio, sitting by designation