RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0369P (6th Cir.)
File Name: 01a0369p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

No. 99-2208
MICHAEL E. TINDALL,
     *Plaintiff-Appellant,*
     *v.*
WAYNE COUNTY FRIEND OF
THE COURT, by: JOSEPH A.
SCHEWE, Director of Legal
Services; ALAN E. SKROK,
Staff Attorney; ASSISTANT
FRIEND OF COURT; WAYNE
COUNTY SHERIFF'S
DEPARTMENT, by: ROBERT
FICANO, Sheriff; WAYNE
COUNTY CIRCUIT COURT,
FAMILY DIVISION, by:
KIRSTEN FRANK KELLY,
Presiding Judge; MICHAEL F.
SAPALA, Chief Judge,
     *Defendants-Appellees.*

No. 99-2312
MICHAEL E. TINDALL,
     *Plaintiff-Appellant/*
     *Cross-Appellee,*

     *v.*

Nos. 99-2208/
2312/2319

WAYNE COUNTY FRIEND OF THE COURT, by: JOSEPH A. SCHEWE, Director of Legal Services; WAYNE COUNTY SHERIFF'S DEPARTMENT, by: ROBERT FICANO, Sheriff; ALAN E. SKROK, Staff Attorney; ASSISTANT FRIEND OF COURT,

*Defendants,*

WAYNE COUNTY CIRCUIT COURT, FAMILY DIVISION, by: KIRSTEN FRANK KELLY, Presiding Judge; MICHAEL F. SAPALA, Chief Judge,
*Defendants-Appellees/ Cross-Appellants.*

No. 99-2319
MICHAEL E. TINDALL,
*Plaintiff-Appellant/ Cross-Appellee,*

*v.*

WAYNE COUNTY FRIEND OF THE COURT, by: JOSEPH A. SCHEWE, Director of Legal Services; ALAN E. SKROK, Staff Attorney,
*Defendants-Appellees/ Cross-Appellants,*

WAYNE COUNTY SHERIFF'S
DEPARTMENT, by: ROBERT
FICANO, Sheriff; ASSISTANT
FRIEND OF COURT; ROBERT
FICANO, Sheriff; WAYNE
COUNTY CIRCUIT COURT, by:
KIRSTEN FRANK KELLY,
Presiding Judge; MICHAEL F.
SAPALA, Chief Judge,
                          *Defendants.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 98-73896—Denise Page Hood, District Judge.

Argued:  June 13, 2001

Decided and Filed:  October 15, 2001

Before:  RYAN and COLE, Circuit Judges; MARBLEY,[*]
District Judge.

_____

**COUNSEL**

**ARGUED:** Michael E. Tindall, TROMBLY TINDALL, Port
Huron, Michigan, for Plaintiff.  Margery Moselle Mann,
WAYNE COUNTY FRIEND OF THE COURT,
LITIGATION SECTION, Detroit, Michigan, Joseph C.
Marshall, III, DICKINSON, WRIGHT, MOON, VAN

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

DUSEN & FREEMAN, Detroit, Michigan, for Defendants.
**ON BRIEF:** Michael E. Tindall, TROMBLY TINDALL, Port Huron, Michigan, for Plaintiff. Margery Moselle Mann, Janet E. LeAnnais, WAYNE COUNTY FRIEND OF THE COURT, LITIGATION SECTION, Detroit, Michigan, Joseph C. Marshall, III, Kathleen A. Lang, Ann J. Foeller, DICKINSON, WRIGHT, MOON, VAN DUSEN & FREEMAN, Detroit, Michigan, for Defendants.

––––––––––––––––

## OPINION

––––––––––––––––

R. GUY COLE, JR., Circuit Judge. Attorney and divorcè Michael E. Tindall is a noncustodial parent who has continually and inexplicably failed to comply with court orders requiring him to make support payments for his minor children. He has been the subject of at least eight enforcement proceedings to collect delinquent support payments, instituted under Michigan's Friend of Court Act, Mich. Comp. Laws Ann. § 552.501 et seq., and its Support and Visitation Enforcement Act, Mich. Comp. Laws Ann. § 552.601. Dissatisfied with the manner in which those proceedings were conducted, Tindall filed the instant action raising various federal claims. Named in Tindall's lawsuit are Defendants-Appellees the Wayne County Friend of the Court ("FOC"); the Wayne County Circuit Court, Family Division ("WCCC"); the Wayne County Sheriff's Department ("Sheriff's Department"); and individual defendants Joseph A. Schewe, Director of FOC Legal Services; Alan E. Skrok, FOC Staff Attorney; Robert Ficano, Sheriff, Wayne County Sheriff's Department; Kirsten Frank Kelly, Presiding Judge, WCCC; and Michael F. Sapala, Chief Judge, WCCC [all collectively referred to herein as "Defendants"].

Tindall appeals from the district court's grant in part of the motions to dismiss of Defendants-Appellees, specifically challenging the district court's application of the *Younger v.*

constituted an "admission" entitling him to relief. We are not persuaded that a disputed admission is sufficient to demonstrate "extraordinary circumstances." Indeed, if we declined to find the requisite "extraordinary circumstances" to intervene in *Sevier*, where the plaintiff alleged injuries far more egregious than Tindall's, then *a fortiori* we are foreclosed also from reaching Tindall's claims. *See* 742 F.2d at 265-67 (discussing how the officials' alleged violations arguably resulted in incarceration of, financial hardship to, and job loss by Sevier).

## III. CONCLUSION

For the foregoing reasons, we VACATE the judgment of the district court and REMAND this case with instructions to dismiss Tindall's complaint in its entirety.

individual may serve as a proper exception to the *Younger* abstention doctrine, *see, e.g.*, *Middlesex County Ethics Comm.*, 457 U.S. at 435, we have found no Supreme Court case that has ever authorized federal intervention under this exception. Such cases thus are exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court:

> The actions alleged to constitute evidence of bad faith on the part of the defendants in the instant appeal can all properly be challenged, either by motion to the trial court, or later on appeal to the state appellate courts. As such, Ballard plainly ha[s] an adequate opportunity to have [her] constitutional defenses heard and determined during the course of the state court proceedings. *Where there exists the possibility of raising and correcting constitutional claims in state courts, the principles of federalism and comity expressed in Younger require that a criminal defendant must first exhaust his state appellate remedies before seeking relief in the District Court.*

*Ballard v. Stanton*, 833 F.2d 593, 594 (6th Cir. 1987) (emphasis added) (internal citations and quotation marks omitted). Here, it is undisputed that Tindall's only resort to Michigan courts for relief occurred when he filed his motions for superintending control before the Michigan Court of Appeals and the Michigan Supreme Court. Those appeals, without more, are insufficient to rebut the presumption in favor of abstention. *See Sevier*, 742 F.2d at 270-71.

The district court erred by folding into its inquiry of the abstention question consideration of whether Defendants had responded to the allegations set forth in Tindall's complaint. In resolving the threshold question of whether it should properly abstain from consideration of Tindall's claims, it essentially made a merits determination -- that Defendants' failure to rebut the claims raised in Tindall's complaint

*Harris* abstention doctrine to Counts III and VI of his complaint in refusing to determine the constitutionality of Mich. Comp. Laws Ann. § 552.628 ("License Act"), which provides for the suspension of the occupational or driver's license of a delinquent child-support payer; and whether the FOC's failure to follow established policies for conducting referee and judicial hearings violated his right to due process. Tindall also assigns error to the district court's denial of his request for injunctive relief under the Federal Courts Improvement Act of 1996, as to Counts IV and V of his complaint; and to the district court's alleged misapplication of the Fed. R. Civ. P. 12(b)(6) standard in evaluating his claims.

Cross-Appellants the FOC and the WCCC raise challenges of the district court's grant in part of Tindall's motion for summary judgment and assert that: (1) the district court violated the Eleventh Amendment when it exercised subject-matter jurisdiction over Tindall's claims; (2) the post-complaint transfer of Tindall's divorce action to Macomb County Circuit Court rendered moot his claims, thus requiring us to vacate the district court's judgment in this case; (3) the district court erroneously concluded that Tindall had standing to assert the claims raised in his complaint; (4) the district court improperly refused to abstain from ruling on all of Tindall's claims; (5) the district court erred by permitting Tindall to proceed under the Declaratory Judgment Act; and (6) the district court, in granting Tindall's summary judgment motion, erroneously concluded that Defendants' procedures for issuing show cause orders and bench warrants were unconstitutional.[1]

This case presents a host of legal questions for our consideration. Because, however, we conclude that the

---

[1]Defendant-Appellee Sheriff's Department has neither entered an appearance in this matter nor filed briefs for purposes of this appeal. Thus, we will assume that it has impliedly adopted the arguments raised by its co-appellees, the WCCC and the FOC.

district court properly should have abstained from reaching any of Tindall's claims, we decline to reach any issue except that pertaining to abstention. We therefore VACATE the order of the district court and REMAND this case with instructions to dismiss Tindall's complaint.

## I. BACKGROUND

In December 1991, a divorce judgment issued in the Wayne County Circuit Court ending the marriage of Michael and Grace Tindall, pursuant to which, Tindall was ordered to make support payments for his two minor children. He repeatedly failed to make the required payments. Between October 1993 and April 1997, no fewer than five show cause orders issued ordering Tindall to answer for his failure to pay court-ordered child support. When Tindall failed to appear at these hearings, bench warrants issued immediately thereafter. Tindall alleges that the WCCC and the FOC violated their established procedures by pre-signing these show cause orders and bench warrants and by allowing them to be issued by nonjudicial officers.

A WCCC representative issued another show cause order on April 25, 1997, ordering Tindall to appear at a hearing to answer for his failure to comply with the court's previous child support order, which had resulted in the August 21, 1996, issuance of a bench warrant. Tindall failed to appear at this hearing and instead sent his attorney to inform the court that he had never received notice of the hearing and that he had not been made aware that a bench warrant for his arrest had issued until the morning of the hearing. FOC attorney Shelly Payne disputes this point. When further confusion developed at the hearing concerning who had authorized the issuance of the August 21, 1996, warrant and where that warrant was currently located, Payne drew up a new warrant,

'extraordinary circumstances' must abstain from granting declaratory or injunctive relief [affecting a civil contempt hearing stemming from the nonpayment of child support] because doing so would involve unduly intrusive interference with, and monitoring of, the day-to-day conduct of state hearings and trials." *Sevier v. Turner*, 742 F.2d 262, 269-70 (6th Cir. 1984). We agree that the district court's failure to abstain contravened our holding in *Sevier v. Turner*, a case almost factually indistinguishable from the instant one.

In *Sevier*, plaintiff Freddie Sevier, a noncustodial parent obligated to pay child support for his minor children, sought injunctive and declaratory relief against various Tennessee juvenile judges and other family court officials. *See Sevier*, 742 F.2d at 264-65. Sevier alleged, *inter alia*, various due process violations stemming from the officials' alleged failure to inform him of certain rights to which he was entitled at a civil contempt hearing (e.g., the right to counsel). *See id.* at 265-66. When he was unsuccessful in obtaining relief from the trial court, Sevier filed before the Tennessee Court of Appeals and the Tennessee Supreme Court Tennessee's equivalent of a motion for superintending control, seeking an extraordinary appeal from the trial court's adverse ruling. *See id.* at 266. Both appeals were denied, and Sevier then sought relief in federal court. *See id.* The district court dismissed his suit. *See id.* On appeal, relying on our decision in *Parker v. Turner*, 626 F.2d 1 (6th Cir. 1980), we abstained from adjudicating Sevier's injunctive- and declaratory-relief claims, finding that Sevier had failed to demonstrate "extraordinary circumstances" for federal court relief. *See Sevier*, 742 F.2d at 270.

The district court in this case never considered the impact of *Sevier* on Tindall's case, concluding that while the action might otherwise be barred, Defendants' bad faith provided a basis for reaching Counts IV and V of Tindall's complaint. We disagree with the district court's analysis and conclude that *Sevier* forecloses Tindall's action. Although the Supreme Court has recognized that bad-faith prosecution of an

emerged for determining when abstention is appropriate: (1) whether the underlying proceedings constitute an ongoing state judicial proceeding;[4] (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge.    Where a review of these considerations suggests that the state court should properly adjudicate the matter, a federal court should abstain and order the federal complaint dismissed.  If, however, a plaintiff can demonstrate extraordinary circumstances such as bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance warranting equitable relief, then a federal court may decline to abstain. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).  A district court's decision to abstain from adjudicating a claim pursuant to the *Younger* doctrine is a question of law that we review de novo. *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000).

In the instant case, the district court reviewed each of these factors and determined that it should properly abstain from considering Tindall's claims.  It then proceeded to consider whether Tindall had satisfied any of the recognized *Younger* exceptions, and concluded that he had demonstrated, with respect to Counts IV and V, bad faith on the part of FOC. Specifically, the district court found that the Defendants' failure to rebut Tindall's allegations that they failed to follow their established procedures for issuing show cause orders and bench warrants constituted an admission to the truth of those allegations.  Such an admission, the district court concluded, was evidence of bad faith, thus removing any *Younger* bar to its consideration of those claims.

Defendants submit that the district court disregarded this Circuit's well-settled rule that "federal courts, absent

---

[4]We have relaxed this requirement, noting that "[e]ven in the absence of a pending state proceeding . . ., a federal court cannot grant relief regarding unconstitutional practices which occur at a state trial." *Parker v. Thomas*, 626 F.2d 1, 10 (6th Cir. 1980).

signed by Judge Giovan, requiring Tindall again to show cause why he should not be held in contempt.[2]

In response to the May 14, 1997, warrant, Tindall filed a Complaint for Superintending Control in the Michigan Court of Appeals, accompanied by an "Emergency Ex Parte Motion for Superintending Control and to Stay Enforcement of a Void Bench Warrant," in which Tindall objected to the procedures that had been employed during the pendency of his divorce action.[3]  Specifically, he challenged the manner in which show cause orders had been issued and how show cause hearings had been conducted and questioned the propriety of Judge Giovan's and Payne's continued participation in his divorce action.  The Michigan Court of Appeals issued a summary order denying Tindall's Complaint for Superintending Control on May 22, 1997.  Tindall filed a Complaint for Superintending Control in the Michigan Supreme Court on May 27, 1997, lodging the same grievances raised in the previous complaint filed in the Court

---

[2]At the hearing, Payne admitted that she had authorized the warrant, which Tindall points to as evidence that the FOC and its employees disregarded established procedures for issuing bench warrants. *See* Mich. Court Rules [hereinafter M.C.R.] 3.208(B) (noting that while a friend of court may petition for a show cause order, only a court may issue a bench warrant); *see also* Mich. Comp. Laws Ann. § 552.631 (same).

[3]Under Michigan law, superintending control orders are used to determine "if the inferior tribunal, upon the record made, had jurisdiction, whether or not it exceeded that jurisdiction and proceeded according to law." *People v. Burton*, 413 N.W.2d 413, 416 (Mich. 1987). Superintending control is an extraordinary power that may be exercised when a petitioner demonstrates both the respondent's failure to perform a clear legal duty and the absence of an adequate legal remedy. *See In re Recorder's Court Bar Ass'n v. Wayne Circuit Court*, 503 N.W.2d 885, 897 (Mich. 1993).  If it is determined that a petitioner seeking such an order has an adequate legal remedy by resort to the state appellate process, a complaint for an order of superintending control must be dismissed. *See* M.C.R. 3.302(D)(2).  Review in such cases is limited to questions of law. *See id.*

of Appeals. In a June 5, 1997, order, the Michigan Supreme Court declined review of Tindall's petition on June 5, 1997.

Tindall's continued nonpayment of child support resulted in the issuance of additional show cause orders and bench warrants. Several hearings were held at which Tindall was required to demonstrate why he should not be held in contempt for his open defiance of the court's orders. On one such occasion, a WCCC judge held Tindall in contempt of court and ordered him incarcerated for forty-five days, or until he made a $2000 payment towards his child support obligations. Tindall complied with the court's order and avoided incarceration. Thereafter, on August 24, 1998, the FOC served Tindall with a notice informing him that on September 8, 1998, it would seek an order suspending his license to practice law for his failure to pay court-ordered child support. Tindall filed no motion to quash the notice, failed to appear at the hearing, and did not otherwise raise a challenge to it in state court, but proceeded instead to federal court to file the lawsuit presently before us.

Tindall initiated the instant lawsuit in the United States District Court for the Eastern District of Michigan on September 4, 1998. Tindall's complaint set forth four claims, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201, alleging that the License Act, which provides for the suspension of the driver's or occupational license of a delinquent child-support payer, is unconstitutional, both facially and as applied by the WCCC and the FOC (Count III); that the procedures employed by the WCCC and the FOC to initiate contempt proceedings are unconstitutional (Count IV); that the procedures utilized by the WCCC and the FOC to issue bench warrants are unconstitutional (Count V); and that WCCC's referee hearings and judicial hearings [collectively referred to herein as "contempt proceedings"] are unconstitutional for their failure to comply with Michigan Court Rules (Count VI). Tindall sought an order from the district court declaring the contested statute and procedures unconstitutional; enjoining the named defendants from taking further action

pursuant to the contested statute and procedures; and awarding him attorney fees and costs.

On or about September 28, 1998, Defendants filed separate motions to dismiss, and Tindall filed a cross-motion for summary judgment. After a hearing on the motions, the district court issued a judgment on September 30, 1999, and made the following findings: (1) because Tindall could not demonstrate that there had been any attempt by the WCCC or the FOC to enforce the License Act and suspend his law license, it abstained from ruling on the constitutionality of the statute (Count III); (2) because Tindall successfully demonstrated (without rebuttal by Defendants) that the FOC acted in bad faith by violating its established procedures for issuing show cause orders and bench warrants, no *Younger* abstention bar existed, and in the absence of such a bar, both summary judgment on Counts IV and V and a declaratory judgment finding these practices unconstitutional were appropriate (Counts IV, V); and (3) with respect to the contempt proceedings, because Tindall failed to demonstrate that the FOC and the WCCC do not follow their established procedures for conducting contempt proceedings, and because he could not therefore demonstrate the requisite bad faith or flagrant unconstitutionality to overcome a *Younger* abstention bar, the district court abstained from ruling on this issue (Count VI). In short, the district court granted Tindall's motion for summary judgment on Counts IV and V and declined to rule on Counts III and VI, finding no exception to the *Younger* abstention doctrine.

## II. DISCUSSION

The *Younger* abstention doctrine counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 37-38 (1971); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (extending the doctrine to encompass civil and administrative proceedings). Three considerations have